CAMBERS v. FIRST NAT. BANK OF BUTTE et al.

(Circuit Court, D. Oregon. March 26, 1906.)

No. 2,858.

1. PLEADING—DEMURRER—CONSTRUCTION.

A complaint being tested by a demurrer should be construed most strongly against the pleader.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 66.]

2. SAME—LEGAL CONCLUSIONS.

A complaint should state facts of a probative character, and not legal conclusions.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 12.]

3. JUDGMENTS—SATISFACTION—ACT OF CLERK OF COURT—MINISTERIAL ACT.

The act of the clerk of a court, in satisfying a judgment on the return of an execution fully satisfied, as required by the Montana statutes, is a mere ministerial act, and follows from the return of the execution, if it is shown by the execution itself that it has been fully satisfied.

4. EXECUTION—RETURN—FORM AND REQUISITES.

A sheriff's return on an execution should consist of a concise statement of the facts, showing what he has done in pursuance of his authority, and not a mere conclusion of law that the execution has been fully satisfied.

[Ed. Note.—For cases in point, see vol. 21, Cent. Dig. Execution, §§ 1006–1014.]

5. PLEADING—FACTS OR CONCLUSIONS—EXECUTION—RETURN SATISFIED.

Where plaintiff deposited money to indemnify his sureties against liability on injunction and supersedeas bonds, a complaint to recover such money from the depositary, alleging that judgment was rendered against plaintiff and his sureties, but that the same had been satisfied by the clerk of the court on the return of an execution issued thereon fully satisfied, was demurrable; the allegation that the execution had been fully satisfied being a mere conclusion of law.

See 133 Fed. 975.

Omitting formal allegations, the complaint states, in brief: That on April 19, 1902, plaintiff had on deposit with the defendant bank $10,000, on which date he entered into a contract with defendants, which is made a part of the complaint; that on March 20, 1902, in the district court of Silver Bow county, state of Montana, there was rendered a joint judgment in favor of William Lowery and others, as plaintiffs, against the plaintiff herein and Davis and Andrews, as defendants, for the sum of $12,500, as recited in said contract, and that the liability of the defendants Davis and Andrews, and each thereof, on said bonds, is merged into said judgment; that, by the terms of said contract, the defendant bank agreed to hold said deposit pending an appeal of the cause to the Supreme Court, and, if defendants Davis and Andrews should be required to pay such judgment, to indemnify them out of such deposit, but that, if said defendants should not be required to pay said judgment, or any part thereof, then that it should return the same. to plaintiff; that no appeal from said judgment was ever perfected, and none can now be taken; that within 60 days immediately prior to August 21, 1902, execution was issued upon said judgment, and placed in the hands of the sheriff, with directions to make the amount thereof as provided by law; that on said August 21, 1902, the sheriff "returned said execution, fully satisfied, to the clerk of said district court; that, by the laws of the state of Montana then in force, it became and was then the duty of said clerk to enter a satisfaction of said judgment upon the judgment docket of said court, and said clerk did thereupon, on said 21st day of August, 1902, duly enter a satisfaction of said' judgment upon said judgment docket, and satisfy said judgment as to each and all the defendants in said cause, and said satisfaction, when so entered, constituted a full and complete satisfaction and discharge of said judgment, and the same was at said time fully satisfied and discharged"; that said satisfaction has never been vacated, and the time within which said judgment can be reinstated has long since passed; that defendants had or have not, nor have either of them, paid said judgment, or any· part thereof, "nor are they or either or any of them liable to pay said judgment .or any part thereof, nor can the same or any part thereof be enforced against them, or either or any of them"; that said sum of $10,000 is still on deposit with said defendant bank which it has never repaid.

The contract, after reciting that Cambers had $10,000 on deposit with the bank, that Davis and Andrews had executed injunction bonds as sureties for Cambers, and that William Lowery and others had recovered judgment against Cambers, Davis, Andrews, and others on such bonds, for $12,500, stipulates, among other things, that the $10,000 is to indemnify Davis and Andrews against any liability upon the injunction bonds, and that it may be used in assisting Cambers in securing a supersedeas bond on an appeal from said judgment, or during the pendency of a motion for a new trial; that said money shall not be drawn by any of said sureties of Cambers pending the appeal, but shall remain on deposit to be paid to said sureties in repayment

of any sum or sums which they may be required to pay; but in case there is no liability on the part of said sureties, or said Davis and Andrews, by reason of said injunction or stay bond, then that it shall be paid to said Cambers, or his order.

The bank interposed a demurrer to the complaint, on the ground solely that it does not state facts sufficient to constitute a cause of action.

Veazie & Freeman, for plaintiff.

Dolph, Mallory, Simon & Gearin, for defendant bank.

WOLVERTON, District Judge (after stating the facts). The question is whether this complaint is sufficient. Being tested by a demurrer, it should be construed most strongly against the pleader. Proceeding, therefore, under the rule, I will examine the complaint so far as it may seem necessary to dispose of the question before me.

The pleading should state facts; that is, those probative in character, and not legal conclusions. The conclusions are such as the court must deduce from the facts spread upon the record.

The action is upon the contract of indemnity, set out by exhibit, entered into between Cambers, on the one part, and Davis, Andrews, and the First National Bank, on the other; the purpose of the contract being that Cambers might furnish indemnity to Davis and Andrews against any liability they might have assumed by going upon the injunction bonds for him, and for further indemnity in securing a supersedeas, which latter purpose does not now become material. The bank occupies merely the position of a bailee of the fund deposited, to hold it under the conditions stated in the contract. It could not be called upon to dispose of it otherwise. So far as the bank is concerned, it therefore devolves upon the plaintiff to show that there is no liability yet remaining on the part of the sureties Davis and Andrews by reason of the injunction or stay bonds. The plaintiff has shown that the bonds have been sued on and a judgment obtained against the plaintiff Cambers and the defendants Davis and Andrews —indeed, the recitals of the contract establish as much—and that liability is thus shown against Davis and Andrews. The bank could not be called upon to deliver the fund to Cambers while such liability continues. The burden is therefore upon the plaintiff to show by apt allegations that Davis and Andrews have been relieved of that liability and the fund in bank liberated.

It is alleged that the liability of Davis and Andrews upon the injunction bonds has become merged into the judgment and that henceforth the court has to deal with the judgment alone. This may be granted.

Now, it was sought to show a satisfied judgment, and the process of such satisfaction is traced through an execution returned "fully satisfied" by the sheriff. This becomes the basis for the satisfaction of the judgment. What the clerk does under the Montana statutes, the effect of which is set out in the complaint, by way of satisfying the judgment, is merely ministerial, and follows from the return of the execution, if it is shown thereby that the execution itself has been fully satisfied. This is legally deducible from the complaint. The return of the sheriff on the execution should be a concise statement

of facts, showing what he has done in pursuance of his authority, and not of any conclusions of law. The regularity and legality of his acts should thus be made to appear. 17 Cyc. 1366, 1367. So that if the sheriff had levied the execution upon property, and sold the same, and made the amount of the writ, or any part thereof, the return should show these facts, and the money having been brought into court, or otherwise disposed of according to law, the clerk could enter such satisfaction of the judgment as the facts of the return and the disposition of the money made under the execution would warrant; but, without the proper basis for satisfying the judgment, the clerk could not perform his ministerial act and enter satisfaction.

Again:

"Payment of the amount of the debt for which an execution has issued either to the execution plaintiff, or to the proper officer, or to any other person authorized to receive payment, will operate as a complete satisfaction and discharge of the execution, and, when the payment is made to the officer, it makes no difference, as far as the defendant is concerned, that the money is not paid over to the plaintiff; the remedy of the plaintiff in such case being against the officer and the sureties on his official bond." 11 Am. & Eng. Enc. of Law (2d Ed.) 713, 714.

Such being the law, I am of the opinion that it is a conclusion of law, and not the statement of a probative fact, to allege merely that said sheriff "returned said execution fully satisfied." If the sheriff made the money that is the amount of the judgment by levy upon property of the debtor, and sale thereof, and returned the same with the execution, which would be in satisfaction thereof, or if the money had been paid to the execution plaintiff, or to the officer, in satisfaction of the execution, or, going further, if the judgment had been settled out of court, and in pursuance thereof, or of any other agreement or understanding whereby it resulted in the plaintiff directing the execution to be returned satisfied, the facts should have been alleged leading up to that result. Any of these would indicate a release of Davis and Andrews from liability upon the judgment, and the result would be deducible from the facts alleged. Not so under the present allegation, which is void of facts, being a mere conclusion of law. As I have seen, the satisfaction of the judgment, if satisfied at all, must result through a merely ministerial act of the clerk on the satisfaction of the execution; but, if the execution has not been shown by proper allegations to have been satisfied, then the judgment could not have been legally satisfied. So I conclude that the complaint does not state facts sufficient to show that the defendants Davis and Andrews have been relieved of their liability under the judgment obtained against them, and consequently to show that the bank has become accountable to plaintiff for the money placed on deposit with it. It should go further, and state how the execution was satisfied.

Several of the other allegations of the complaint quoted in the statement are also mere conclusions.

The demurrer of the bank will therefore be sustained, and it is so ordered.