## In re MOSCOVITZ.

(District Court, S. D. Florida. March 26, 1925.)

No. 2802.

1. **Bankruptcy** ⊂=81(3)—**Statement of petitioners' claims in involuntary proceeding held insufficient.**

Statement of petitioners' claims in involuntary proceedings as "an account for the purchase price of goods, wares, and merchandise sold and delivered to" the bankrupt, in stated amount, "which claim is past due and owing," *held* insufficient; no dates being alleged, and

no showing made of existing obligation not barred by limitations.

2. **Bankruptcy** ⊂=81(4)—**Acts of bankruptcy, alleged in petition for involuntary bankruptcy, held insufficient.**

Allegation, in petition for involuntary bankruptcy, that bankrupt, while insolvent, transferred assets to another with intent to prefer him, and that thereby he secured undue advantage and larger percentage of claim, *held* insufficient allegation of acts of bankruptcy, under Bankruptcy Act, § 3a (2), being Comp. St. § 9587; there being no allegation that such person was a creditor.

3. **Pleading** ⊂=34(4) — **Pleadings construed most strictly against pleader.**

Pleadings must be construed most strictly against pleader.

In Bankruptcy. In the matter of David Moscovitz, doing business as the Broadway Department Store, bankrupt. On motion to dismiss involuntary petition filed by creditors. Motion granted, unless petition be amended.

Johnson & McIlvaine, of Jacksonville, Fla., for petitioning creditors.

M. H. Myerson, of Jacksonville, Fla., for intervening creditors.

Geo. M. Powell, of Jacksonville, Fla., for bankrupt.

CALL, District Judge. In this cause an involuntary petition in bankruptcy was filed by three creditors against the bankrupt on October 22, 1924, and on November 3d the bankrupt filed a motion to dismiss on various grounds. I am of opinion that the third and fifth grounds are each well taken. The third ground is that the nature of petitioners' claims are not sufficiently stated. The fifth is that the acts of bankruptcy are not charged in such manner as show any act of bankruptcy committed.

[1] The statements of the nature of the claims of the creditors are alike in essential particulars and are as follows: "Is an account for the purchase price of goods, wares, and merchandise sold and delivered to" said bankrupt. "The amount of your petitioner's claim is three hundred and eighty dollars and thirty cents, * * * which claim is past due and owing." There is no date given when the goods were furnished or when the account became due; whether within the statute of limitations or not the court is unable to say. While I do not think it necessary that the account should be itemized in the petition, yet sufficient should be alleged that the court could see that the account is an ex-

isting obligation, for which the bankrupt is liable. This I do not think the statement of the nature of the liability above quoted does, and I think the third ground of the motion is therefore well taken.

[2] The acts of bankruptcy alleged are three, each of them apparently based upon section 3a(2) of the Bankruptcy Act (Comp. St. § 9587). The essential allegations in each of the statements of the acts of bankruptcy are as follows: "That the bankrupt on the 8th day of August, 1924, * * * while insolvent, transferred a portion of his assets, to wit, the sum of forty dollars and sixty cents ($40.60) to D. S. Saffay, * * * and thereby secure the said D. S. Saffay, * * * and with intent to prefer the said D. S. Saffay, * * * an undue advantage over other creditors of the same class, and further secure a larger percentage of his claim than he otherwise would have obtained." Section 3a(2) of the Bankruptcy Act provides as an act of bankruptcy the transfer while insolvent of any portion of the bankrupt's property to one or more of his creditors with intent to prefer said creditors over his other creditors.

[3] The allegations of the acts of bankruptcy do not by appropriate language allege that Saffay was a creditor. The payment of the amount could have been made to him on a cash transaction for the purchase of goods which went into his stock in trade and not do violence to the allegations. The allegations that an undue advantage, and a larger percentage of the claim was secured, do not seem to me tantamount to alleging that Saffay was a creditor and the payment made upon a past-due indebtedness. The pleading of a party must be construed most strictly against the pleader, and, if this rule is applied to the statements of the acts of bankruptcy, that statement is not sufficient.

There are other grounds for the motion to dismiss. I have considered them, but do not think they are well taken.

There were two interventions filed by other creditors, and said creditors allowed to become participants with the creditors filing the petition. In one of the petitions filed I notice the same fault as pointed out above in the statement of the nature of the creditors' claim.

The motion to dismiss will be granted, unless the petitioning creditors shall within 10 days amend their petition in the points above pointed out. It will be so ordered.