## MUTUAL LIFE INS. CO. v. THOMPSON et ux.

District Court, W. D. Virginia.    July 23, 1928.

**1. Courts ⚖328(2)—Value of object sought by insurer's bill to cancel policies is amount in controversy, relative to federal jurisdiction.**

The value of the object sought by the bill to cancel insurance policies issued by plaintiff, relief from plaintiff's liability, is the amount in controversy, relative to federal jurisdiction on the ground of diversity of citizenship.

**2. Action ⚖50(9)—Joinder of causes of action to cancel, for false statements in application, policies on life of one payable to different persons, held permissible (Equity Rule 26).**

There is no misjoinder of causes of action in suit to cancel policies on the life of one of the defendants on the ground of false statements in the application on which they were issued, though one is payable to his executors, and his wife, the other defendant, is the beneficiary in the other (Equity Rule 26 [see title 28, § 723]).

**3. Courts ⚖279—Plaintiff in suit originating in federal court must plead facts showing jurisdiction.**

Though the burden of proving want of federal jurisdiction in suit originally brought in federal court is on defendant, plaintiff must in his pleading, or in his pleading and exhibits, affirmatively and positively allege facts which, if true, show that federal jurisdiction exists.

**4. Pleading ⚖34(4)—Pleadings are construed most strongly against pleader.**

Ambiguities and uncertainties in pleadings are to be construed most strongly against the pleader, especially on motion to dismiss.

**5. Pleading ⚖8(9)—Bill to cancel life and accident policies held not to show federal jurisdiction by allegation that matter in controversy exceeds $3,000.**

Allegation of bill for cancellation of life and accident policies that the matter in controversy exceeds $3,000 is insufficient to show federal jurisdiction based on shown diversity of citizenship, as, instead of being an allegation of fact, it may be a mere statement of pleader's erroneous conclusion of law, based on his opinion that the maximum contingent liability stated in the policies constitutes the amount in controversy.

**6. Courts ⚖328(2)—Maximum contingent liability under life policies sought by bill to be canceled held not value of object sought, relative to federal jurisdiction.**

The maximum contingent liability under life and accident policies sought to be canceled is not the value of the object sought by the bill, relative to the amount in controversy being sufficient for federal jurisdiction based on diversity of citizenship.

**7. Courts ⚖329(3)—It being impossible to say that object sought by bill to cancel life policies has no pecuniary value, or cannot be shown by experts to exceed $3,000, court must, on motion to dismiss, accept allegation that it does exceed it.**

Federal jurisdiction of suit to cancel life and accident policies is not necessarily defeated by

27 F.(2d)—48

impossibility of arriving at the exact value, or by difficulty in approximating the value of the object sought by the bill; but, it being impossible to say that the object sought has no pecuniary value, or that it can not be shown by insurance experts to exceed $3,000, the jurisdictional minimum, the court cannot, on motion to dismiss, refuse to accept as true an allegation that the value of such object exceeds such minimum.

**8. Courts ⚖329(4)—Amendment to show by allegation of fact sufficient amount in controversy for federal jurisdiction will be permitted on motion to dismiss.**

Defect of bill in not showing federal jurisdiction by allegations of fact, as distinguished from conclusions of law, may be amended, and permission to amend will be granted on hearing of motion to dismiss for failure to show jurisdictional amount in controversy.

**9. Pleading ⚖8(9)—Allegation that object sought by bill exceeds $3,000 held statement of fact sufficient to show federal court jurisdictional minimum.**

Allegation of bill to cancel insurance policies that the value of the object sought by bill exceeds $3,000, would be sufficient to show federal jurisdiction based on diversity of citizenship, as it could not be a conclusion of law, but would be a statement of fact, and nothing else.

In Equity. Suit by the Mutual Life Insurance Company against one Thompson and wife. Motion to dismiss overruled conditionally.

Martin & Wingfield, of Roanoke, Va., for plaintiff.

R. O. Crockett and James W. Harman, both of Tazewell, Va., for defendants.

McDOWELL, District Judge. The bill, filed January 21, 1928, shows diversity of citizenship, and prays for the cancellation of two combined life and accident insurance policies, which were issued by the plaintiff, respectively, on January 28 and March 5, 1927. The amount of insurance in each policy is $5,000 for death from what may conveniently be called natural causes, and $10,000 for death from accidental causes. The ground for relief is the allegation that the insured made false statements concerning his health in the application for the first policy, and that the second policy was issued on the same application. The wife of the insured is the beneficiary named in the first policy. The second policy is payable to the executors, administrators, or assigns of the insured. In other respects, except as to the dates, the two policies are alike. In the policies is a provision giving the insured, by consent of the insurer, a right to change the beneficiary. In the bill it is alleged that by their terms the policies will become incontestable after one

year from the date of issue. The defendants are the insured and his wife. Copies of the policies and the applications are exhibited with the bill.

[1] The ground of the motion to dismiss is that the bill does not show that the value of the matter in controversy is sufficient. In a suit of this character, the value of the object sought by the bill, relief from the plaintiff's liability, is the amount in controversy. Mississippi & Missouri Railroad Co. v. Ward, 2 Black, 485, 492, 17 L. Ed. 311; Hunt v. N. Y. Cotton Exchange, 205 U. S. 322, 336, 337, 27 S. Ct. 529, 51 L. Ed. 821; Bitterman v. Louisville & Nashville R. Co., 207 U. S. 205, 225, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Berryman v. Whitman College, 222 U. S. 334, 346, 32 S. Ct. 147, 56 L. Ed. 225; Glenwood Light & Water Co. v. Mutual Light, Heat & Power Co., 239 U. S. 121, 125, 36 S. Ct. 30, 60 L. Ed. 174; Packard v. Banton, 264 U. S. 140, 142, 44 S. Ct. 257, 68 L. Ed. 596; First National Bank of Columbus, Ohio, v. Louisiana Highway Comm., 264 U. S. 308, 310, 44 S. Ct. 340, 68 L. Ed. 701.

[2] Unless there has been here a misjoinder of causes of action, the value of relief from the contingent liability created by both the policies should be regarded as the amount in dispute. And I believe the bill does not show a misjoinder of causes of action. Mrs. Thompson has no interest in the last policy, but she is an indispensable party in respect to the first policy. The joinder of the plaintiff's two causes of action in one suit is highly convenient and economical to the plaintiff and to W. A. Thompson, and it does not appear to be inconvenient, or expensive, or in any way detrimental to Mrs. Thompson. So far as I can foresee, all of the evidence which will be admissible in behalf of the plaintiff will apply to both policies, and all evidence admissible in behalf of either defendant will also apply to both policies. See equity rule 26 (see title 28, § 723); 1 Street's Fed. Eq. §§ 414, 428; Hale v. Allinson, 188 U. S. 56, 77, 23 S. Ct. 244, 47 L. Ed. 380; Bitterman v. Louisville & Nashville R. Co., 207 U. S. 205, 226, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Barcus v. Gates (C. C. A. 4th) 89 F. 783, 791; Pacific Live Stock Co. v. Hanley (C. C.) 98 F. 327, 329; Westinghouse Air Brake Co. v. Kansas City Southern Ry. Co. (C. C. A.) 137 F. 26, 31, 32; Dobie, Fed. Proc. p. 162.

[3] Notwithstanding the fact that the burden of proving want of federal jurisdiction in suits originally brought in the federal court has been put on the defendant (Hunt v. New York Cotton Exchange, 205 U. S. 322,

333, 27 S. Ct. 529, 51 L. Ed. 821; Big Sespe Oil Co. v. Cochran [C. C. A.] 276 F. 216, 219, 220; Auto Acetylene Light Co. v. Prest-O-Light Co. [C. C. A.] 276 F. 537, 539; Atchison, T. & S. F. Ry. Co. v. Phillips [D. C.] 13 F. [2d] 254, 255; Rose, Fed. Juris. [3d Ed.] § 224), it is still necessary that the plaintiff shall in his pleading, or in his pleading and exhibits, affirmatively and positively allege facts which, if true, show that federal jurisdiction exists (Norton v. Larney, 266 U. S. 511, 515, 45 S. Ct. 145, 69 L. Ed. 413; Smith v. McCullough, 270 U. S. 456, 459, 46 S. Ct. 338, 70 L. Ed. 682; Rose, Fed. Juris. [3d Ed.] §§ 8, 490; Dobie, Fed. Proc. pp. 26, 175, 670).

[4, 5] In the bill here it is said: "The plaintiff further alleges that the matter in controversy herein exceeds, exclusive of interest and costs, the sum or value of three thousand dollars." This allegation could be a conclusion of law, based on an erroneous construction of section 24, Judicial Code (28 USCA § 41), and nothing else. If the draftsman had the opinion that the maximum contingent liability stated in the two policies constituted the amount in controversy, the allegation could be a mere statement of this (erroneous) conclusion of law. But it could have been intended as a statement of fact. It is a sound rule of pleading, especially on motion to dismiss, that ambiguities and uncertainties in pleadings are to be construed most strongly against the pleader. United States v. Linn, 1 How. 104, 110, 111, 11 L. Ed. 64; Cambers v. First National Bank (C. C.) 144 F. 717, 719; Id. (C. C. A.) 156 F. 482, 484; Continental Securities Co. v. Interborough R. T. Co. (C. C.) 165 F. 945, 955; Chunes v. Duluth, W. & P. Ry. Co. (D. C.) 292 F. 153, 154; In re Moscovitz (D. C.) 4 F. (2d) 873, 874; Lyons v. Reinecke (C. C. A.) 10 F. (2d) 3, 7; 31 Cyc. 78, 79; 21 Corpus Juris, 393, 394; 10 R. C. L. 415; 21 R. C. L. 465. Construed against the pleader, the above-quoted allegation cannot be considered as a statement of fact, and the allegations that remain do not show that the value of the object sought by the plaintiff exceeds $3,000.

[6] The value of relief from the contingent liability shown by the policies here cannot, so far as I know, be determined by any rule of law, or by any fact of which courts take judicial notice. No fact stated in the bill, if true, shows that the value of the object sought exceeds $3,000. In so far as the policies provide for accidental death, the object sought might be without pecuniary value. Nothing stated in the bill shows that the in-

sured is in the least degree more liable to accidental injury than is the average man of his age. To an insurance company, engaged in accident insurance, the policies here (in so far as they are merely accident policies) might easily be assets rather than liabilities. And, in so far as they are life insurance policies, the liability of the plaintiff is contingent. For a failure to pay either the second or the third annual premium all rights under the policies will be absolutely forfeited, and there would be no liability whatever on the insurer. For a failure to pay any annual premium after the third, the liability of the insurer might, at the option of the insured, be for the full amount ($5,000) of each policy, but only if the insured were to die within a certain fixed period after the default. For instance, if default were made in payment of the sixth premium, the insurer would be liable for $5,000 on each policy only in the event that the insured died within 6 years and 342 days after the end of the sixth policy year; or, at the option of the insured, the liability in lieu of such term insurance would be (on both policies) $1,332.40 in cash, or $2,184.60 payable on the death of the insured, whenever it might occur. It seems to me clear that it is impossible to regard the maximum possible liability under the policies as the measure of the value of the object sought by the bill.

The thought that a suit brought during the life of the insured to cancel a contestable insurance policy in the sum of $10,000 makes that sum the value of the object sought may arise from the fact that in a suit to recover on such a policy the value of the object sought is $10,000. But the wide difference between a suit seeking relief from a contingent liability and a suit to enforce payment of a fixed and certain liability cannot be overlooked. In the case at bar it is no more accurate to say that the maximum possible liability is the amount in controversy than it is to say that the minimum is the amount in controversy. The maximum amount is merely a factor to be considered in estimating the value of the object sought, but the minimum amount is an equally important factor.

But, on the other hand, while the maximum amounts stated in the policies do not measure the value of the relief sought, it must be borne in mind that (all premiums then due having been paid) the early accidental death of the insured could, on the face of the policies, create a certain net liability of over $19,000, and an early natural death could create a similar liability of over $9,-000. To any one not engaged in insurance as a business a cash offer of $3,001 to take the place of the insurer in the policies here in question would to my mind be wholly unattractive. And as unimportant as this fact standing alone may be, it at least suggests the impropriety of any dogmatic assertions by laymen concerning the probabilities of acceptance of such an offer by insurance companies engaged in combined life and accident insurance.

[7] That it may not be a simple task to estimate the value of the object sought by the bill in this case is true. Treating as true the facts alleged in the bill, the insured is an undesirable, if not what is usually treated as an uninsurable, risk. The further Thompson was, when the policies were issued, from being a desirable risk or in an insurable state of health, the greater the risk in insuring his life. Clearly the difficulty of arriving at the value, or at even an approximation of the value, of a release from such a contingent liability is considerable. Not only is the obligation to pay anything uncertain and contingent; but the sum involved is uncertain and may run from nothing to over $19,000.

However, federal jurisdiction, in a case of this kind, is not necessarily defeated by even an impossibility of arriving at the exact value, or by difficulty in approximating the value, of the object sought by the bill. If this object has a pecuniary value, and if that value could exceed $3,000, the court cannot, on motion to dismiss, refuse to accept as true an allegation that the value of the object sought exceeds the jurisdictional minimum. I am unable to say that the object sought has no pecuniary value. However contingent it may be, and however uncertain the amount, the obligation from which the plaintiff seeks relief is an obligation to pay money. The object sought, therefore, differs in kind, and radically, from a divorce or from a release from an insane asylum, or from prison. In the case at bar it may be difficult to estimate in money even an approximation of the value of the object sought. But in bills for divorce and in petitions for habeas corpus it is not merely difficult, it is impossible, to make any, even the wildest, approximation of a value in money of the object sought.

Values (in money) of many objects and rights lie in opinion. Except where a market value can be proved, it is a common occurrence for experts to prove values by opinion evidence. Remembering that we are here concerned merely with the existence or nonexistence of a value greater than $3,000, I am not able to say that insurance experts can-

not, with sufficient accuracy for jurisdictional purposes, approximate the value in money of the object here sought by the bill.

[8, 9] On the face of the papers it seems to me a necessary conclusion that the value of the object sought may, or may not, be sufficient to give jurisdiction. It follows that the allegations of the bill do not show facts (as distinguished from conclusions of law) which, if true, show jurisdiction. Such a defect in a bill may be amended, and it seems to me that, if the bill were so amended as to allege that the value of the object sought by the bill, exclusive of interest and costs, exceeds $3,000, the bill would be sufficient. Such an allegation could not be a conclusion of law; it would indubitably be a statement of fact, and nothing else. And, for the reasons above set out, I could not, on motion to dismiss, treat as untrue or as insufficient such a statement of fact.

I think an order should be made allowing the plaintiff 10 days within which to amend the bill as above indicated, and, if this is done, the motion to dismiss should then be overruled.

Some explanation is needed of my total failure to cite authority in support of my reasoning concerning the value of the object sought by the bill. It seems almost impossible that there are not in the books some opinions discussing the pecuniary value of a right to have canceled for fraud or mistake contracts which create a contingent liability to pay an uncertain sum of money. But I have not been able to find them. In Mutual Life Ins. Co. v. Rose (D. C.) 294 F. 122, 123, the position is distinctly taken that the maximum insurance against death from causes other than bodily injury in the two policies ($5,000) measures the amount in controversy. In that case the subject is not discussed, and I know of no case in which it is discussed.