## HARTFORD FIRE INS. CO. v. ERIE R. CO.

### (Circuit Court, S. D. New York. May 26, 1909.)

1. COURTS (§ 414*)—JURISDICTION OF FEDERAL COURTS—CIRCUIT COURT FOR SOUTHERN DISTRICT OF NEW YORK—CONSTRUCTION OF STATUTE.

    Rev. St. § 657 (U. S. Comp. St. 1901, p. 529), which provides that "the original jurisdiction of the Circuit Court for the Southern District of New York shall not be construed to extend to causes of action arising within the Northern district of said state," must be construed as meaning by the words "Northern district of said state" the territory comprised within said district when the section was enacted; and the division of said district into the Northern and Western districts by Act May 12, 1900, c. 391, 31 Stat. 175, amending Rev. St. § 541 (U. S. Comp. St. 1901. p. 394), did not have the effect of enlarging the jurisdiction of the Circuit Court for the Southern District to include causes of action arising in the Western district.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 1108; Dec. Dig. § 414.*]

2. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—ACTION BY ASSIGNEE.

    An assignment of a cause of action, although without consideration and for the purpose of suit in a federal court, is not collusive, so as to deprive that court of jurisdiction, where it exceeds the jurisdictional amount, and the assignor might have brought suit in that court thereon.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 892; Dec. Dig. § 328.*

    Jurisdiction of Circuit Court as determined by the amount in controversy, see notes to Auer v. Lombard, 19 C. C. A. 75; Tennent-Stribling Shoe Co. v. Roper, 36 C. C. A. 459.]

3. ACTION (§ 38*)—SINGLE CAUSES OF ACTION—CLAIMS UNITED BY ASSIGNMENTS.

    Claims against a railroad company for the alleged negligent burning of a building, although originally existing in favor of different persons, when united in one by assignment, constitute a single cause of action.

    [Ed. Note.—For other cases, see Action, Cent. Dig. § 549; Dec. Dig. § 38.*]

4. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—ACTIONS BY ASSIGNEES.

    A person holding claims, each below the jurisdictional amount, but together aggregating more than $2,000, and constituting, when so united, a single cause of action, may, if permitted by the local rules of joinder, bring them all together for determination into a federal court.

    [Ed. Note.—For other cases, see Courts, Cent. Dig. § 891; Dec. Dig. § 328.*]

5. COURTS (§ 328*)—JURISDICTION OF FEDERAL COURTS—ACTION BY ASSIGNEE.

    Plaintiff and other insurance companies paid losses on buildings destroyed by fire alleged to have been negligently caused by defendant railroad company. One was a foreign corporation, which paid losses on three buildings; one being more than $2,000 and the others less. Others paid losses on the same buildings and others, each less than $2,000 but aggregating more than that amount as to each building. All of the

·claims ·were united by assignments in plaintiff, a corporation of another ·state, which brought suit thereon in a federal court, joining in separate counts the claims relating to each building. *Held* that, as to the three counts containing ·the claims of the foreign company on which it might have brought suit in that court by reason of its large claim, the court had jurisdiction, but that it did not have jurisdiction of the other counts, none of the claims in which could have been sued therein by the assignor.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 892; Dec. Dig. § 328.*]

6. COURTS (§ 363*)—RIGHTS ASSIGNABLE—RIGHT OF ACTION FOR TORT.

The statute of New York permitting the assignment of rights of action for torts is applicable to causes of action in a federal court arising in that state.

·· [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 939–949; Dec. Dig. § 363.*]

At Law. On motion to dismiss.

This is an action to recover damages for the destruction by fire of certain houses in the village of South Lima, Livingston county, N. Y., by sparks projected .from the defendant's engines. At the close of the plaintiff's opening the defendant moved to dismiss the action upon three separate grounds: First, under section 657 of the Revised Statutes (U. S. Comp. St. 1901, p. 529), for want of ·jurisdiction, because the causes of action arose in ·territory formerly included: in the Northern district of New York; second, because the jurisdiction of this court had been procured through collusion, under Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 507); and, ·third, because. the causes of action were not assignable at common law.

The complaint sets up seven causes of action. In the second cause of action the complaint alleges that the defendant, by its negligent emission of sparks and fire from its locomotive, set fire to the house of one Tamar Y. Ryers, and that the house burned down, causing her a loss of $4,423.67; that for this loss she was partly insured by two insurance companies; that the two insurers have paid a part of the loss upon the policies; and that both insured and insurers have assigned their claims to the plaintiff. In each of the other six causes of action the plaintiff alleges that the defendant set fire negligently· to ·the house of Tamar Y. Ryers, and that the fire, on account of a high wind blowing at the time, spread itself to the dwelling, near by, of the plaintiff's assignor. The plaintiff alleges in each case the payment to the insured of the whole or a part of the loss by insurance companies, among which,· in two instances, the plaintiff was itself one to an aggregate sum of $1,750. In each cause of action the· pleader alleges that the insured and insurers assigned all claims against the defendant to the plaintiff. The total aggregate of claims for damages done by the defendant to all the buildings amounts to $36,561.16.

The plaintiff is a foreign insurance company, but the only individual or corporation assignors which are nonresidents of the state of New York are the Ætna Fire Insurance Company, which has paid losses aggregating $3,793.75, and the London Assurance Company, which has paid ·a loss of $923.67. The defendant is a New York corporation. The assigned claims of the Ætna Fire Insurance Company are divided up between the third, fourth, and seventh causes of action, being $717.75 on the third, $2,376 on the fourth, and $700 on the seventh. The plaintiff itself paid $150 upon the loss set forth in the third cause of action and $1,600 upon that in the fifth. The claim of the London Assurance Company is in the second cause of action.

McGuire & Wood, for plaintiff.

Stetson, Jennings & Russell, for defendant.

HAND, District Judge (after stating the facts as above). Three ,questions are presented:· First, the jurisdiction of this court under

section 657 (U. S. Comp. St. 1901, p. 529); second, the jurisdiction under Act March 3, 1875, c. 137, 18 Stat. 470 (U. S. Comp. St. 1901, p. 507); third, whether the complaint sets up a good cause of action. The last is not a jurisdictional question.

I understand the plaintiff concedes that, if the former Northern district of New York had not been subdivided, this action could not be entertained by the Circuit Court for the Southern district of New York, for it is a case of original jurisdiction; and no one contends, I think, that the cause of action did not arise in the territory comprised within the old limits of the Northern district of New York. If so, the case would have been strictly within the prohibition of the statute, and the defendant could not confer jurisdiction on this court by waiver. The plaintiff, therefore, bases, or must base, its claim entirely upon the theory that the division of the former Northern district of New York under Act May 12, 1900, c. 391, 31 Stat. 175 (U. S. Comp. St. 1901, p. 394), into two districts, changed the meaning of section 657, so that it applied only to that territory which has since 1900 been comprised within the new Northern district of New York.

Congress intended, by dividing the districts, to create new facilities for the dispatch of judicial business in the territory comprised within the old district, and it cannot have intended to throw some of the litigation which formerly belonged in the Northern district of New York upon the Southern district of New York. This necessarily results, if the plaintiff is right, and if actions arising within a part of the former Northern district can now be tried in the southern district, though formerly they could not. Certainly nothing has arisen since the year 1818 which made it desirable to increase the jurisdiction of the Southern district of New York, whose proper work has so greatly increased since that time. Least of all was that desirable at the very moment when the capacity of the former Northern district was doubled by the addition of a new District Judge. So far as the reasonable purpose of an enactment guides its interpretation, this act will not bear the plaintiff's construction.

Aside from the purpose of the act, it is quite clear to me that the words "Northern district of New York" must be read as though they meant "territorial limits of the present district." It is the locality of the cause of action which is to determine jurisdiction, and it is fair to construe the limits as only a convenient mode of designating a fixed territory. No doubt the significance of general terms in an act will change, as those terms may themselves be varyingly described by other acts from time to time. The punishment for larceny means the punishment for what the Legislature may from time to time make larceny. The phrase "Northern district of New York" is not a general term. It described, when it was used, a definite territory, as though it had used metes and bounds. It is quite true that the descriptive term has since been given another meaning; but that does not change the particular legislative intent to include just the territory, properly described in 1818 by that description, for, as I have said, it was the locus of origin of the wrong that excluded it from the jurisdiction of this court. It cannot be assumed that this intention changed when the old district

was divided. Although the statute has never been construed in this respect, I think the Circuit Court is without jurisdiction of any of the causes of action, and I will dismiss the complaint as to all upon the first ground raised.

Upon the second ground I will deny the motion as to the third, fourth, and seventh causes of action, and grant it as to the rest. Upon the plaintiff's opening he frankly stated that all the assignments had been obtained without consideration and were held practically in trust for the assignors; that is to say, the proceeds, or some portion of them, were to be turned back to the assignors in the event of success. This would very clearly constitute a collusive assignment, under Farmington v. Pillsbury, 114 U. S. 138, 5 Sup. Ct. 807, 29 L. Ed. 114, Lehigh Mining Co. v. Kelly, 160 U. S. 327, 16 Sup. Ct. 307, 40 L. Ed. 444, Lake County Commissioners v. Dudley, 173 U. S. 243, 19 Sup. Ct. 398, 43 L. Ed. 684, and Waite v. Santa Cruz, 184 U. S. 302, 22 Sup. Ct. 327, 46 L. Ed. 552; and if all the claims were obtained in this way it would be my duty to dismiss the complaint as to all seven causes of action. But there are other considerations which apply to this case, which do not seem to have occurred in any of the authorities I have examined. The Ætna Insurance Company, having paid a loss of $2,376, as stated in the fourth cause of action, would have been entitled to bring a suit for that sum in the United States Circuit Court. So far as the assignment of that claim by the Ætna Company to the plaintiff is concerned, it cannot, therefore, be collusive, for the plaintiff got no greater rights of jurisdiction under it than the assignor had itself. It does not appear in Lake County Commissioners v. Dudley, 173 U. S. 243, 19 Sup. Ct. 398, 43 L. Ed. 684, that Dudley had procured enough coupons from any one of the nonresident assignors to bring the case as to him up to the jurisdictional amount.

As to the fourth cause of action, in which the Ætna Company had the claim of over $2,000, the jurisdiction of this court is not, therefore, collusive. I cannot, however, on this motion, determine whether the recovery in this cause of action must be limited to the Ætna claim, or may include the other elements of damage which go to make it up. Even if these several claims were susceptible each of independent suit when separated, they were none the less, when united, when united, all items of damage in one action on the case, and constituted, when united, a single cause of action. Jacobs v. N. Y. Central R. R., 107 App. Div. 134, 94 N. Y. Supp. 954, affirmed on opinion below 186 N. Y. 586, 79 N. E. 1108. The motion to dismiss cannot be directed, therefore, at the several items of this cause of action seriatim; for the court had jurisdiction at least as to a part, and the question of jurisdiction alone is raised at this time.

In the third and seventh causes of action, the Ætna claims were below the jurisdictional amount; but, when united by collusive assignment to the other items of damage, the amount in each case became above $2,000. I regard the collusive obtaining of additional items of damage to raise above $2,000 these Ætna claims, and the plaintiff's own claim in the fifth cause of action, as precisely similar to obtaining the collusive assignment of independent and separable claims. It seems to me to make no difference whatever that the items of damage

may be subsequently united into a single "cause of action." It is perhaps true that by the same reasoning it would follow that similar items of damage in the fourth cause of action should be disallowed; but, as I have said, that question is not up here. The act of 1875 clearly aimed at an evil which exactly included the summation of items of damage like those here separated, and I should nullify its obvious purpose if I distinguished because the items made up a single "cause of action."

The question as to the third and seventh causes of action must therefore be decided in the same way as though the Ætna Company had tried under the New York Code to sue in this court upon the third, fourth, and seventh causes of action, seeking to carry along into the jurisdiction of this court the third and seventh, because it could properly claim jurisdiction in the fourth. I have not found any case in the Supreme Court controlling this question; but it has been decided in the Circuit Courts, by authority which I am bound to follow, that when one plaintiff in good faith procures assignments of several claims each below the jurisdictional amount, but together aggregating over $2,000, this court has jurisdiction. Bowden v. Burnham, 59 Fed. 752, 8 C. C. A. 248, decided in the Circuit Court of Appeals for the Eighth Circuit, and four other cases in the Circuit Court cited in that case on page 755 of 59 Fed. and page 252 of 8 C. C. A. I confess that as an original question I should have thought otherwise; but I am not free to disregard so much authority, and it follows from that authority that any person, himself holding claims below the jurisdictional amount, may, if permitted by the local rules of joinder, bring them all together for determination into this court. The result is to bring into this court separate actions of less than the proper amount; but that appears to be the necessary result of the decisions I have cited. This would, therefore, result in dismissing the motion in respect of the third and seventh causes of action, in which there were Ætna claims below $2,000, as well as in respect of the fourth.

There remain the first, second, fifth, and sixth causes of action. On one of these, the second, the London Assurance Company paid a loss of less than $2,000; but the fact that the assignor is a foreign corporation has no bearing, if it could not have sued independently, as was the fact. Nor, in my judgment, could the London Assurance Company have bettered its position by taking colorable assignments of the other items of damage, even though at the end there resulted a cause of action of over $2,000. As to the remaining causes of action, the assignors could by no possibility have come to this court; nor could the Ætna Company, by procuring colorable assignments of them, have joined them to the third, fourth, and seventh causes of action, if I am right. If so, the plaintiff is in no better position, and they must be dismissed upon the second ground.

I conclude, therefore, that the motion is good upon the second ground as against all the causes of action except the third, fourth, and seventh, but that whether those causes of action can be pressed for more than the Ætna claim cannot be decided upon this motion, and must be reserved till the trial.

The third objection was based upon the theory that the liability arising from a tortious act was not assignable at common law; that the

New York statute permitting such assignments would apply only to causes of action which had their existence under the law of the State of New York; that a cause of action brought in this court was under the law as administered by this court, and not under the law of New York; and that, therefore, an action on the case brought in the United States Circuit Court is not assignable, because the New York statute could not apply to it. This objection is ingenious, but erroneous. It presupposes that there are two jurisdictions under the laws of which the acts of the defendant constituted a tort—one the common law of the state of New York, and the other the common law of the United States. In other words, it seems to presuppose the existence of a federal common law which is administered by this court, but which is something other than the law of the state of New York. In this case in particular the idea is plausible, since by the decisions of the Supreme Court the first, third, fourth, fifth, sixth, and seventh causes of action are not demurrable, though under the decisions of the New York Court of Appeals they probably are—a consideration which accounts for the attempt to come into this court. There is no doubt a theoretical embarrassment about presupposing that there is but one common law in cases in which several courts, having independent juridiction, make opposite rulings in regard to it. Still it is laid down that there is no independent federal common law (Wheaton v. Peters, 8 Pet. 591, 8 L. Ed. 1055; Kendall v. U. S., 12 Pet. 524, 9 L. Ed. 1181); and this must be taken as true, certainly in so far as the argument of the defendant is concerned, that a statute of the state of New York has no applicability to such law. It is not, therefore, important to the decision in this case whether, under the principles of a strictly logical jurisprudence, it be possible that there may exist one common law which is subject to opposite, but equally correct, interpretation by two courts of independent and final jurisdiction. That question does not come up in this case, because, whatever be the solution of such an anomaly in theoretic jurisprudence, there can be no doubt that the statute of the state of New York equally affects the common law, whether it be that construed by the state or federal decisions. If the doctrine were applicable, it would likewise apply to the assignment of choses in action, which are only assignable under the state statute.

Besides, an assignment, even of a chose in action, is no more than a power of attorney to sue in the assignor's name. A right of action on the case was no more difficult of assignment than a chose in action. The trouble was the same in each case, i. e., merely that the obligor could not be called on to perform except secundum tenorem, and hence no one could ask him to pay a substituted party when his obligation ran only to the original party. This formal difficulty was avoided by the fiction of a power of attorney, and the statute giving the power to sue in the assignee's name was merely a regulation of procedure, which must be followed here, as has been often decided. A power of attorney at common law was as good in an action on the case as in an action in special assumpsit.

I therefore conclude that the third objection to all the causes of action is without basis; but because this objection is not to the jurisdic-

tion of the court, but to the sufficiency of the complaint, I do not certify it to the Supreme Court.

Let judgment be entered dismissing the complaint as to all the causes of action for lack of jurisdiction. If the counsel for the plaintiff will prepare a certificate stating that the dismissal was for lack of jurisdiction upon the first two grounds mentioned, I will certify these questions to the Supreme Court.