## FARMERS' & MERCHANTS' BANK OF MONROE, N. C., et al. v. FEDERAL RESERVE BANK OF RICHMOND, VA.

(District Court, W. D. North Carolina, at Charlotte.   July 21, 1921.)

1. **Removal of causes ⊙⟶102—Motion to remand granted where jurisdiction is doubtful.**

Where the amount in controversy presents an issue of fact, and the court is unable clearly to conclude that it exceeds the sum of $3,000, the motion to remand the cause to the state court should be granted.

2. **Courts ⊙⟶289—Case is presumed to be without jurisdiction of United States District Court in absence of contrary showing.**

The jurisdiction of the District Courts of the United States is limited to that conferred on them by the Constitution and laws of the United States, and the presumption is that the case is without their jurisdiction unless the contrary affirmatively appears.

3. **Courts ⊙⟶326—Pecuniary limitation of jurisdiction of federal courts applies in equity suits.**

The limitation of the jurisdiction of the United States District Courts to cases involving $3,000 or more applies to suits in equity as well as to actions at law.

4. **Courts ⊙⟶326—Right in dispute must be measurable in terms of money to give jurisdiction.**

Before the United States District Courts can have jurisdiction over a cause, as dependent on amount in controversy the matter in dispute must be money or some right the value of which is calculated and ascertained in money.

5. **Removal of causes ⊙⟶71—Suit to restrain reserve bank from dishonoring checks does not involve jurisdictional amount.**

A suit by state banks against the federal reserve bank to enjoin the defendants from dishonoring checks presented by plaintiff, and notifying the drawers thereof that there were not sufficient funds to meet such checks, because complainants offered payment in the exchange permitted by the state law, does not involve a right the value of which can be said to exceed the sum of $3,000, since neither the injury to the complainants nor the benefit to the defendants from the practice complained of can be measured in money, and therefore, though a federal question is involved, the defendant must protect its rights under the federal law, if necessary, by a writ of error after final determination by the state courts.

Suit by the Farmers' & Merchants' Bank of Monroe, N. C., and others, against the Federal Reserve Bank of Richmond, Va., begun in the state court and removed by defendant to the United States District Court. On motion of plaintiffs to remand the cause to the state court. Motion granted.

Stack & Parker, of Monroe, N. C., and Wm. W. Smith, of Atlanta, Ga., for plaintiffs.

H. G. Conner, Jr., of Wilson, N. C., H. W. Anderson and M. G. Wallace, both of Richmond, Va., and C. W. Tillett, Jr., of Charlotte, N. C., for defendant.

WEBB, District Judge.   This matter is before the court on motion of the plaintiffs to remand the action to the superior court of Union county, N. C.   The specific relief demanded by the plaintiffs in their bill of complaint is the following:

"That the defendant, the Federal Reserve Bank of Richmond, its agents and servants, be permanently restrained and enjoined from carrying out their threat to refuse to accept exchange drawn by the plaintiffs on their reserve

deposits, in payment of checks presented and to return such checks to the drawers thereof as dishonored, because plaintiffs have refused to pay same in cash, and have tendered the exchange allowed by the laws of the state of North Carolina."

The only point to be decided by the court is whether or not, under section 24 of the Judicial Code (Comp. St. §§ 991[1]–991[25]), the matter in controversy exceeds, exclusive of interest and costs, the sum or value of $3,000.

The court heard the evidence and the able arguments of counsel during the period of four days at Charlotte, and has given the question very careful consideration since that time. Both sides cited authorities tending to sustain their contention, to wit, that this court has or has not jurisdiction. These authorities the court has read with great interest, and it frankly confesses that it is in doubt about its jurisdiction in the matter.

[1] The real question at issue is largely one of fact, and the court finds itself unable clearly to conclude that the matter involved exceeds the sum of $3,000. Being unable so to do, the court is therefore constrained to remand the case to the superior court of Union county.

[2, 3] It is well known and universally established by the opinions of many courts, including the Supreme Court of the United States, that the jurisdiction of the District Courts of the United States is limited, in the sense that they have no jurisdiction except that conferred by the Constitution and laws of the United States; and the presumption is that a case is without their jurisdiction unless the contrary affirmatively appears. This limited or conferred jurisdiction applies to cases both at law and in equity, and, as was said in the case of Oregon Railroad & Navigation Co. v. Shell (D. C.) 143 Fed. 1005:

"The courts are required to apply the same technical rules in equity cases that are applied in actions at law for the purpose of being assured of jurisdiction."

[4] In one of the early and leading cases on this question, decided by the Supreme Court of the United States, Barry v. Mercein, 5 How. 103, 12 L. Ed. 70, the court held that in order to give the federal court jurisdiction in cases dependent upon the amount in controversy "the matter in dispute must be money, or some right, the value of which, in money, can be calculated and ascertained." Chief Justice Taney in this case further says with reference to jurisdiction being dependent upon the amount involved that jurisdiction in such cases can be had "only where the rights of property are concerned, and where the matter in dispute has a known and certain value, which can be proved and calculated, in the ordinary mode of a business transaction."

Again, in the case of De Krafft v. Barney, 2 Black. 704, 17 L. Ed. 350, it is held, Chief Justice Taney writing the opinion, that the matter in dispute must be money or some right the value of which could be calculated or ascertained in money.

[5] Now, the plaintiffs in this action ask only and solely that the defendant be restrained from publishing what the plaintiffs contend are false statements about the plaintiffs' method of paying their checks. That is the real issue in this case and the real matter involved, al-

though, collaterally and indirectly, the question of par clearance, exchange charges by the plaintiff banks, and the act of the Legislature of North Carolina authorizing the state banks to make exchange charges may be considered. The continuance of the publication of the alleged false statements may result in some pecuniary loss to the plaintiffs, but what that loss may be, or how it may come about, are purely speculative; and the court knows of no rule by which such damages, if any, could be reckoned in dollars and cents and for the purpose of giving this court jurisdiction of this action.

On the other hand, the court cannot see how any calculable money value can accrue to the defendant by its continuance in the publication of the statements which the plaintiffs allege to be false. Neither can the court ascertain the loss in money, if any, which the defendant will suffer should it be restrained from the publication of the statements referred to. Certainly the money value involved, if any, is too hazy, indefinite, and speculative for the court to base so important a jurisdictional finding upon.

The defendant cannot suffer by trying this case in the state court, because there it can present all of its defenses, and, as a federal question is involved, can carry the case to the Supreme Court of the United States. No injustice, therefore, can be done either party to the suit by trying the case on its merits in the state forum.

The case is therefore remanded.