## NEW YORK LIFE INS. CO. v. SWIFT et ux.

Circuit Court of Appeals, Fifth Circuit.
February 10, 1930.

No. 5549.

A. H. Longino, of Jackson, Miss., for appellant.

Edward C. Brewer, of Clarksdale, Miss. (Brewer & Brewer, of Clarksdale, Miss., on the brief), for appellees.

Before BRYAN and FOSTER, Circuit Judges, and GRUBB, District Judge.

FOSTER, Circuit Judge. Appellant filed a bill to cancel two policies of life insurance, issued to Dick F. Swift, appellee, with his wife, the other appellee, as beneficiary, each in the sum of $10,000. The policies contained the usual clauses making them incontestable after two years and voidable for any material false representations or warranties in the applications. The bill alleged diversity of citizenship, and that more than $3,000 was involved, and further alleged certain material false representations and warranties in the applications, which allegations, if sustained, would require the cancellation of the policies. The suit was brought within the contestable period, but trial was delayed, and, after the contestable period had elapsed, a motion to dismiss was filed. The motion was sustained, and the suit dismissed for want of jurisdiction, on the ground of insufficient amount involved. Apparently the district court reached the conclusion that the amount involved was to be measured by the loan value, cash surrender value, or paid-up value of the policies, none of which had accrued in any amount at the time the suit was filed.

Appellees rely upon the case of Mutual Life Ins. Co. v. Thompson (D. C.) 27 F.(2d) 753, which undoubtedly is in point, but we do not find it persuasive. Directly opposed to it are the cases of New York Life Ins. Co. v. Jensen, 38 F.(2d) 524, recently decided by the United States District Court of the District of Nebraska, Mutual Life Ins. Co. v. Rose (D. C.) 294 F. 122, and Judson v. Knights of the Maccabees (D. C.) 220 F. 1004, cases of equal authority, and New York Life Ins. Co. v. McCarthy, 22 F.(2d) 241,

decided by this court. The point was not stressed in the last case above cited, but an examination of the opinion discloses that we considered the jurisdictional amount was shown by the face of the policy sought to be canceled by a suit in equity.

Appellees also rely upon the case of Wright v. Mutual Life Ins. Co. of N. Y., 19 F.(2d) 117, also decided by this court, and affirmed by the Supreme Court, 276 U. S. 602, 48 S. Ct. 323, 72 L. Ed. 726. That case is easily distinguishable from the case at bar, for there the policy had matured and was payable in installments. The suit was brought by the beneficiary in a state court to recover seven monthly installments then due, amounting to only $420. The insurance company sought to remove on the ground that a decision in the pending suit would have the collateral effect of fixing liability on the whole policy. We reached the conclusion that the collateral effect of the judgment was not the test of jurisdiction, and that the plaintiff had the right to bring suit for the installments as they matured, which was the measure of the judgment that could be rendered and below the jurisdictional amount. We do not consider that decision authority for sustaining the judgment here on appeal.

In a suit to prevent a future loss or damage to the plaintiff, the object to be gained by the bill is the test of the jurisdictional amount; in other words, the value of the right to be protected. If that exceeds $3,000, the District Court has jurisdiction regardless of the amount of damage that has presently accrued. Scott v. Donald, 165 U. S. 107, 17 S. Ct. 262, 41 L. Ed. 648; McNeill v. Southern Railway Co., 202 U. S. 543, 26 S. Ct. 722, 50 L. Ed. 1142; Hunt v. New York Cotton Exchange, 205 U. S. 322, 27 S. Ct. 529, 51 L. Ed. 821; Bitterman v. L. & N. R. R. Co., 207 U. S. 205, 28 S. Ct. 91, 52 L. Ed. 171, 12 Ann. Cas. 693; Berryman v. Board of Trustees of Whitman College, 222 U. S. 334, 32 S. Ct. 147, 56 L. Ed. 225. It is true none of these cases deals with life insurance policies, but the principle announced is applicable to all contracts.

The policies in suit are contracts by which the insured agrees to pay the premiums and the insurer agrees to pay the full face value of the policies on the death of the insured, an event bound to happen. With the uncertainty of life, it may occur at any time, and is an ever-present liability, which the insurer can do nothing to avert, except by seeking relief from a court of equity to cancel the

policies on legal grounds. The policies are not voidable at the option of the insurer, nor is it optional with the insurer to compel the insured to accept either the loan or cash surrender value of the policies or to take policies of paid-up insurance. The only fixed and definite liability of the insurer is to pay the face of the policy. That amount measures the loss that plaintiff will suffer if the policies are not canceled. The right to cancel the policies for fraud in their procurement is the right to be protected.

It would not do for the plaintiff to wait until death had occurred or the insured had elected to take the cash surrender value of the policies or paid-up insurance, as, after the lapse of two years, they would be incontestable on any ground, and the defense of fraud could not be made in any way to prevent payment. Mutual Life Ins. Co. v. Hurni Co., 263 U. S. 167, 44 S. Ct. 90, 68 L. Ed. 235, 31 A. L. R. 102.

The jurisdictional amount was properly alleged in the bill, and the policies were annexed. They make full proof of a sufficient jurisdictional amount.

Reversed and remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.