**NEW YORK LIFE INS. CO. v. JONES et ux.**

**No. 12.**

District Court, M. D. North Carolina, Rockingham Division.

Jan. 20, 1933.

Cansler & Cansler, of Charlotte, N. C., for plaintiff.

F. Donald Phillips, of Rockingham, N. C., for defendants.

HAYES, District Judge.

The suit is brought by the New York Life Insurance Company against David E. Jones and wife, Eloise W. Jones, to cancel two life insurance policies because of false representations made by the insured to the medical examiner. Each contract was for $2,500, and Mrs. Eloise W. Jones is beneficiary in both policies.

The first contract was issued July 29, 1931, pursuant to application and medical examination July 25th. The second contract was issued December 9, 1931, pursuant to application and medical examination December 5th.

In each cause of action it is alleged that the insured had pneumonia on different dates, respiratory influenza, and pleurisy; that he had attacks in 1918, 1925, and 1929 and was treated therefor and had lost weight, which facts he denied in his answers to the questions designed to elicit this information.

In April, 1932, complainant alleges the discovery of the real facts and promptly returned the premiums with interest and demanded the cancellation and return of the policies.

The requisite amount necessary to confer jurisdiction on this court on account of diversity of citizenship is lacking unless the two causes of action can be added together for the purpose of determining the amount in controversy. The defendants move to dismiss for this reason, and assert that the two causes cannot be combined for this purpose.

Equity Rule 26 (28 USCA § 723) provides: "The plaintiff may join in one bill as many causes of action, cognizable in equity, as he may have against the defendant."

28 USCA § 41(1) confers jurisdiction on the United States District Court where there is diversity of citizenship if the matter in controversy exceeds, exclusive of interest and cost, the sum or value of $3,000. This provision applies to actions at law and suits in equity. Cyc. of Fed. Pro. § 56; Farmers' & Merchants' Bank of Monroe v. Federal Reserve Bank of Richmond (D. C. N.

C.) 274 F. 235. The authorities hold that the amount in dispute is the sum of the claims in all the counts upon causes of action properly joined. Stanley v. Board of Supervisors of Albany County (C. C. N. Y.) 15 F. 483, affirmed 121 U. S. 535, 7 S. Ct. 1234, 30 L. Ed. 1000; Hartford Fire Insurance Co. v. Erie Railway Co. (C. C.) 172 F. 899.

In B. & O. Southwestern Railroad Company v. United States, 220 U. S. 94, 31 S. Ct. 368, 55 L. Ed. 384, eleven actions at law were instituted to recover penalties, but the cases were consolidated by the trial court. Jurisdiction was challenged because the amount involved in each case was only $1,000, when consolidated the amount was $5,500, and the court held it had jurisdiction. Heffner v. Gwynne-Treadwell Cotton Co. (C. C. A.) 160 F. 635; Schunk v. Moline, Milburn & Stoddard Co., 147 U. S. 500, 13 S. Ct. 416, 37 L. Ed. 255; Yates v. Whyel Coke Co. (C. C. A. 6th) 221 F. 603; Edwards v. Bates County, 163 U. S. 269, 16 S. Ct. 967, 41 L. Ed. 155.

▮ The face of the policy is the amount insurer must pay if policy is not canceled. Hence that is the amount in controversy. New York Life Insurance Co. v. Swift (C. C. A. 5) 38 F.(2d) 175; New York Life Insurance Co. v. Jensen (D. C.) 38 F.(2d) 524.

Rose v. Mutual Life Insurance Co. (C. C. A. 6) 19 F.(2d) 280, was a suit in equity to cancel two life insurance policies of $3,000 and $2,000, respectively. The court said: "If the policies did not provide for any greater liability than $3,000 and $2,000, respectively, in determining the amount in controversy, these two sums should be added together." 294 F. 122, 123.

The defendants rely chiefly on New York Life Insurance Company v. Marshall (C. C. A.) 23 F.(2d) 225, which was a suit to cancel two policies of $2,500 each. The insured had died and the beneficiary had instituted an action at law in the state court to recover on one of the contracts. The court held that the company had an adequate remedy at law in the action pending in the state court and United States District Court was without jurisdiction on the one policy as the amount was not in excess of $3,000. The pendency of the action in the state court where the company had an adequate remedy at law is the controlling point in that case and it does not sustain the position of the defendant.

▮ The plaintiff here seeks relief by the cancellation of two insurance policies written in 1931 on the life of one of the defendants payable to the other the aggregate amount of

which is $5,000 on virtually the same alleged misstatement of facts. From the pleading it appears that if the plaintiff should prevail in one cause of action it must prevail in the other. In the absence of any authority forbidding the adding together of the amounts in the two causes of action, and in view of the authorities cited, it seems in harmony with reason and law and the convenience of the parties to dispose of them in one action, and to hold that the amount in controversy is in excess of $3,000 exclusive of interest and cost.