## PENN MUT. LIFE INS. CO. OF PHILADELPHIA v. JOSEPH.

No. 2738.

District Court, D. Minnesota, Fourth Division. Feb. 12, 1934.

Cobb, Hoke, Benson, Krause & Faegre, of Minneapolis, Minn., for plaintiff.

Meshbesher & Anderson and Simon Meyers, all of Minneapolis, Minn., for defendant.

NORDBYE, District Judge.

Defendant makes a motion to dismiss the bill of complaint on four grounds: (1) That the court is without jurisdiction because it appears upon the face of the bill that the amount in controversy in said action is less than the sum of $3,000, exclusive of interest and costs; (2) that no ground for equitable relief or jurisdiction appears in said bill; (3) that plaintiff has an adequate remedy at law; and (4) that the bill does not contain sufficient facts to constitute a cause of action in equity against the defendant.

It appears from the bill that the defendant is insured in three policies issued to him by the plaintiff, which, for convenience, will be referred to as policies Nos. 1, 2, and 3, respectively. Policy No. 1 (No. 972738) is a life policy issued March 28, 1921, with a supplemental indorsement as of July 14, 1926, providing for waiver of premium and the payment of an annuity in the event of total and permanent disability. This policy was further amended on June 12, 1930, by providing for a monthly payment of $25 for each completed month of defendant's total and permanent disability, with waiver of premium during such disability. This latter supplemental agreement further provided that the policy should be incontestable after a period of one year, except for nonpayment of premiums, and except as to any provisions relating to disability and double indemnity benefits contained therein.

Policy No. 2 (No. 1233752) was issued as a life policy on July 22, 1926. It lapsed during 1928, and was reinstated by plaintiff in reliance upon a health certificate dated July 25, 1928. This policy was reinstated with a $3,500 death benefit and with a provision for waiver of premium and the payment of an annuity in event of total and permanent disability. The provisions with reference to incontestability are substantially the same as contained in policy No. 1. On June 12, 1930, policy No. 2 was further amended and supplemented by provisions providing for the payment of $35 a month and waiver of pre-

mium during total and permanent disability, and the same provisions as to incontestability.

Policy No. 3 (No. 1516252) was issued on June 3, 1930, as a life policy providing for a $4,000 death benefit. This policy had indorsed thereon a supplemental agreement called "Total and Permanent Disability Benefits and Double Indemnity Benefit." It also contained a provision for waiver of premium and $40 a month payment during the total and permanent disability. The provisions regarding incontestability were substantially the same as in policies Nos. 1 and 2.

The bill alleges that the supplemental agreement indorsed on policy No. 1 as of June 12, 1930, providing for waiver of premium and monthly benefits during total and permanent disability, the reinstatement of policy No. 2 in 1928 with supplementary provisions, the supplemental indorsement on policy No. 2 as of June 12, 1930, providing for waiver of premium and monthly benefits in case of total and permanent disability, and the entire policy No. 3 issued as of June 3, 1930, were issued by the plaintiff in reliance upon certain false and fraudulent representations with respect to matters material to the risk, and which increased the hazard assumed by the plaintiff. It is averred that defendant knew the representations to be false, and that they were made for the purpose of inducing plaintiff to rely thereon. All of the alleged false and fraudulent representations are said to have been made to a medical examiner in the course of the medical examination and contained in the written application signed by the defendant.

It will be observed that the policies are life insurance contracts with supplemental provisions covering certain benefits in case of total and permanent disability. All of the life insurance contracts are now incontestable. The supplemental disability benefits are expressly made contestable at any time. Prior to the alleged fraud, the only policy that contained any disability provisions and waiver of premium in the event of total and permanent disability was policy No. 1. Plaintiff in this action seeks a decree of this court canceling and declaring void the disability clause attached to policy No. 1 dated on or about June 12, 1930, the disability clause attached to policy No. 2 dated on or about June 12, 1930, the disability clause on said policy at the time it was reinstated in 1928, the disability clause attached to policy No. 3, and for an order of this court directing the defendant to deliver up all of said policies to be canceled and rewritten as they were prior to the time the said disability clauses were attached thereto.

Plaintiff contends that the value of the object sought by the bill, exclusive of interest and costs, exceeds $3,000. It alleges that defendant is 33 years of age with a life expectancy of thirty-three years; that he now claims to be totally and permanently disabled within the meaning of the disability provisions of the policies; that the yearly disability payments to which plaintiff would be subject on the three alleged fraudulent policies would be the sum of $1,200 a year, and annual premiums waived would aggregate $252.98. It is also alleged that, if the disability provisions are not canceled, plaintiff will be required to establish a reserve in an amount more than $3,000 in excess of the reserve that would be otherwise required.

In a suit which has for its object the prevention of a future loss or damage, it is generally held that the object to be gained by the bill is the test of the jurisdictional amount; that is, if the value of the right to be protected exceeds $3,000, the court has jurisdiction regardless of the fact that no actual damage had occurred at the time the suit was commenced. New York Life Insurance Co. v. Swift (C. C. A.) 38 F.(2d) 175. Furthermore, the jurisdiction of this court is not necessarily defeated because it is difficult to measure with exactness the value of the object of the suit. It must be conceded that the objective sought to be protected by plaintiff in the suit at bar has some pecuniary value. There is a contingent liability of many thousands of dollars if defendant is now totally and permanently disabled. Obviously, if plaintiff accepted the defendant as a good risk and determined its premiums accordingly, and it now appears that the defendant is a poor risk and that he deceived the company as to his true condition, it must be apparent that, under such circumstances, the avoiding of liability by the plaintiff, contingent or otherwise, has a pecuniary value. The absolving of plaintiff as an insurer of a liability to pay benefits during many years and to protect defendant with life insurance without any premiums may be of considerable value. The court is not unmindful that plaintiff's liability to pay any specified sum by way of disability benefits is now uncertain and contingent on many future events. Plaintiff does not now admit that defendant is totally and permanently disabled. It may develop that no claim is made by the defendant under these disability provisions, or perchance, if

a claim is made, the plaintiff may defeat such contention on its merits. The decided weight of authority recognizes that the jurisdictional requirement is satisfied when an action in equity seeks to cancel a life insurance contract in excess of $3,000 on the grounds of fraud. New York Life Insurance Co. v. Swift, supra; New York Life Insurance Company v. Seymour (C. C. A.) 45 F.(2d) 47, 73 A. L. R. 1523; Jensen v. New York Life Insurance Co. (C. C. A.) 50 F.(2d) 512; Brown v. Pacific Mutual Life Insurance Co. (C. C. A.) 62 F.(2d) 711. The court evidently concluded in these cases that the amount of the policy measures the loss that plaintiff will suffer if the policy is not canceled, because death is inevitable, and, with the uncertainty of life, it may occur at any time. It may not be amiss to point out, however, that, while death is inevitable, a default in the premiums on a life policy will absolve the insurer of liability. Death may also occur during the contestable period under circumstances which render the policy voidable. It is evident, therefore, that the mere fact that there are certain contingencies and uncertainties does not necessarily defeat the jurisdiction of this court in computing the value of the protection that plaintiff is seeking. In the instant case, it is alleged that the value of the object of the bill exceeds $3,000. The court is not prepared to hold at this time that the cancellation of the contingent liability is of a value less than the jurisdictional amount. The facts disclosed at the trial and expert opinion by insurance men and others may sustain the allegations made by the plaintiff.

"However, federal jurisdiction, in a case of this kind, is not necessarily defeated by even an impossibility of arriving at the exact value, or by difficulty in approximating the value, of the object sought by the bill. If this object has a pecuniary value, and if that value could exceed $3,000, the court cannot, on motion to dismiss, refuse to accept as true an allegation that the value of the object sought exceeds the jurisdictional minimum. I am unable to say that the object sought has no pecuniary value. However contingent it may be, and however uncertain the amount, the obligation from which the plaintiff seeks relief is an obligation to pay money. The object sought, therefore, differs in kind, and radically, from a divorce or from a release from an insane asylum, or from prison. In the case at bar it may be difficult to estimate in money even an approximation of the value of the object sought. But in bills for divorce and in petitions for habeas corpus it is not

merely difficult, it is impossible, to make any, even the wildest, approximation of a value in money of the object sought." Mutual Life Insurance Co. v. Thompson (D. C.) 27 F.(2d) 753, 755.

In Massachusetts Protective Ass'n v. Kittles (C. C. A.) 2 F.(2d) 211, the court was considering a suit by an insurer to cancel a health and accident policy for $5,000 and to recover $1,400 paid under it and to defeat additional claims which, pending suit, amounted to more than $1,600. It was held in that case that the object of the suit involved a sum in excess of $3,000 and within jurisdiction of the District Court. The court stated [page 212 of 2 F.(2d)]: "The bill contains no averment requiring the inference that appellee's disability was such as to make it probable that he would die before more than $1,600 in weekly payments would accrue under his claim, under which he received $1,400 before the suit was brought. That such an inference would have been unwarranted is persuasively indicated by the fact that the appellee is now alive and appearing in this court by his counsel after considerably more than $1,600 has accrued under his claim which is contested by this suit. As the maintenance of the rights asserted by the bill would involve the recovery by the appellant of the principal sum of $1,400, the defeat of asserted claims against it for sums amounting, exclusive of interest and costs, to considerably more than $1,600, and exemption of the appellant from a contingent liability for amounts in excess of $5,000, the matter in controversy must be regarded as exceeding, exclusive of interest and costs, the sum or value of $3,000. Berryman v. Whitman College, 222 U. S. 334, 32 S. Ct. 147, 56 L. Ed. 225. The bill was not subject to be dismissed on the ground that its averments failed to show that the suit involved the amount required to give the court jurisdiction." See, also, the recent case of New York Life Ins. Co. v. Davis et al. (D. C.) 5 F. Supp. 316.

But there is another and probably more convincing reason why the complaint is not subject to the objection that jurisdictional facts are lacking. Plaintiff is, according to the complaint, required to keep in its reserve an amount in excess of $3,000 solely on account of the disability provisions, which it contends were procured by fraud, and which it now seeks to cancel. Judge Munger, in New York Life Ins. Co. v. Jensen (D. C.) 38 F.(2d) 524, sustained the sufficiency of a bill on substantially the same allegation, and, on appeal of the case, reported in (C. C. A.)

50 F.(2d) 512, Judge Booth, inferentially, at least, recognized the sufficiency of the test laid down in the court below.

On this motion, the burden rests upon the defendant to prove want of jurisdiction. The allegations of jurisdiction in the complaint, while not entirely free from criticism, sufficiently allege facts which, if true, establish federal jurisdiction.

The objection that no grounds for equitable jurisdiction appear in this bill must be overruled. Defendant's main contention is based on the assertion that plaintiff has an adequate remedy at law. If it has, there is, of course, no equitable jurisdiction, but it must be remembered that the remedy at law must be complete, adequate, and efficient.

"It is true that the remedy or defense which will oust an equity court of jurisdiction must be as complete and as adequate, as sufficient and as final, as the remedy in equity, or else the latter court retains jurisdiction; and it must be a remedy which may be resorted to without impediment created otherwise than by the act of the party." Cable v. United States Life Ins. Co., 191 U. S. 288, 303, 24 S. Ct. 74, 76, 48 L. Ed. 188.

The benefits under these policies are payable monthly. Suits may be commenced by defendant on one or more policies for monthly disability installments. The forum, the time (within two years from the expiration of the time within which proof of loss is required by the policy, see section 3417, Mason's Minnesota Statutes), and the policies included in any one suit are entirely within the defendant's control. Plaintiff is privileged to litigate the question of fraud whenever suit is brought, but there is no certainty as to the time when an action at law may be brought on these policies. Defendant could refrain from any action to recover disability benefits and merely refuse to pay premiums on the life insurance contracts because of an alleged total and permanent disability, which, if a fact, waives all premiums. No opportunity to litigate the question of fraud may be afforded to the plaintiff for years to come. Witnesses may disappear. Facts may be difficult to prove, and plaintiff's remedy seriously impaired. Even though defendant brings an action for benefits at this time, it is not at all certain that the issue of fraud will be determined, so as to set at rest all claims under the disability provisions, including waiver of premiums. A general verdict for the insurance company where the defense is a denial of total and permanent disability, and

also of fraud, will not necessarily be res adjudicata as to a suit on future installments. The verdict may have been based entirely on the failure to prove disability. True, the trial court may submit a special verdict on the question of fraud, but that is entirely discretionary with the court. Furthermore, if in any action at law instituted by the defendant it appeared that the defendant had failed to prove total and permanent disability, a dismissal or directed verdict on such grounds would end that litigation and would not determine the defense of fraud. A long delay might ensue before the next action. It is admitted that no action at law is now pending, and there is no showing as to the time when the defense of fraud would be made available to the plaintiff. The entire situation is in the control of the defendant. There are three policies. An adverse decision to the defendant on the question of fraud as to one policy will not be a bar to an action to recover disability benefits on one of the other policies. It is entirely within the realm of probability that the question of fraud on one or more of these policies may be deferred for some years, and, if defendant should die before that issue is determined, plaintiff may be seriously handicapped in establishing fraud where the status of the life policies is at issue on account of nonpayment of premiums. The court recognizes that many of the suppositions indulged in may never take place if plaintiff is deprived of relief in this court, but a recital of the possible and probable contingencies that may arise does tend to emphasize the lack of an adequate, efficient, and speedy remedy at law. Clearly the uncertainty as to the time and as to the effectiveness of a defense in an action at law instituted by the defendant to recover disability benefits will not afford plaintiff a remedy "as practical and as efficient to the ends of justice and its prompt administration as the remedy in equity." Phœnix Mut. Life Insurance Co. v. Bailey, 13 Wall. (80 U. S.) 616, 621, 20 L. Ed. 501.

The instant case is not comparable to a suit on a life insurance policy where an action must be brought within a specified time, and when it is fairly certain that, within a reasonable time, all controversies between the parties can be speedily determined. There are no special circumstances in such cases which justify the intervention of a court of equity. Here, however, we have life insurance contracts which are admittedly valid, coupled with supplementary disability contracts claimed to be invalid on account of fraud. It is not at all certain as to the time

that plaintiff may be able to avail itself of a defense of fraud which will permanently set at rest any claims under these supplementary contracts. If the disability provisions are invalid, a decree should be entered canceling such provisions from the contract. Plaintiff should have the right to cut down its reserves in the near future, in the event there is no liability on these alleged invalid supplementary provisions. A court of law is not in a position to grant the relief comparable to that which may be administered speedily and effectively by a court of equity.

Therefore, in consonance with the views herein expressed, it is ordered that the motion to dismiss plaintiff's bill of complaint be and the same hereby is in all things denied.