United States Court of Appeals,

Eleventh Circuit.

No. 95-4827.

Non-Argument Calendar.

GUARDIAN LIFE INSURANCE COMPANY OF AMERICA, Plaintiff-Appellant,

v.

Estevan M. MUNIZ, Defendant-Appellee.

Aug. 6, 1996.

Appeal from the United States District Court for the Southern District of Florida. (No. 95-8210-CIV-JAG), Jose A. Gonzalez, Jr. Judge.

Before ANDERSON, EDMONDSON and BARKETT, Circuit Judges.

PER CURIAM:

The Guardian Life Insurance Company of America ("Guardian") filed this action in the district court, seeking cancellation of a life insurance policy issued to Estevan M. Muniz on the basis of alleged misrepresentations in the insurance application. The complaint alleges diversity of citizenship, and that more than $50,000 is involved. *See* 28 U.S.C. § 1332. The face value of the life insurance policy is $100,000.

Muniz filed a motion to dismiss the complaint for failure to meet the minimum amount in controversy requirement. The district court granted the motion. In its order dismissing the case, the district court rejected Guardian's argument that the amount in controversy is $100,000, the face value of the policy. The court stated:

> [T]he condition precedent to liability under the policy at issue has not even arguably occurred—[Muniz] is still alive. Thus, under no circumstances could [Guardian] be held liable for the full face amount of the policy. It is therefore

legally certain that the amount in controversy in this case is below the requisite amount and this Court has no jurisdiction.

The district court failed to address *New York Life Ins. Co. v. Swift,* 38 F.2d 175 (5th Cir.1930), which is binding authority on the same subject.[1]  In that case, an insurance company filed suit to cancel two life insurance policies, each with a face value of $10,000, on the basis of false representations in the applications. *See id.* at 176.  The district court dismissed the case for failure to meet the amount in controversy requirement (which, at the time, was $3,000).  "Apparently the district court reached the conclusion that the amount involved was to be measured by the loan value, cash surrender value, or paid-up value of the policies, none of which had accrued in any amount at the time the suit was filed."  *Id.* The former Fifth Circuit reversed, holding that the face value of the policies constituted the jurisdictional amount.  The court explained:

> The policies in suit are contracts by which the insured agrees to pay the premiums and the insurer agrees to pay the full face value of the policies on the death of the insured, an event bound to happen.  With the uncertainty of life, it may occur at any time, and is an ever-present liability, which the insurer can do nothing to avert, except by seeking relief from a court of equity to cancel the policies on legal grounds.  The policies are not voidable at the option of the insurer, nor is it optional with the insurer to compel the insured to accept either the loan or cash surrender value of the policies or to take policies of paid-up insurance.  The only fixed and definite liability of the insurer is to pay the face of the policy.  That amount measures the loss that plaintiff will suffer if the policies are not canceled.  The right to cancel the policies for fraud in their procurement is the right to be protected.

---

[1] In *Bonner v. City of Prichard,* 661 F.2d 1206, 1209 (11th Cir.1981) (en banc), this court adopted as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

*Id.* at 176-77.[2]

The district court should not have dismissed the complaint.

REVERSED and REMANDED.[3]

---

[2]Muniz concedes that *Swift* is indistinguishable from the case at bar.

[3]Appellant's request for oral argument is DENIED.