# HILTON *v.* DICKINSON.

APPEAL FROM THE SUPREME COURT OF THE DISTRICT OF COLUMBIA.

Decided March 26th, 1883.

*Appeal—Jurisdiction.*

1. Cross-appeals must be prosecuted like other appeals. When a party making a cross-appeal fails, for a period long after the time allowed by law, to perfect his cross-appeal, the court, of its own motion, will dismiss it for want of prosecution.

2. When it appears on the face of the record that the value of the matter in dispute is not sufficient to give jurisdiction, the court will, of its own motion, dismiss an appeal.

3. The sum demanded governs the question of jurisdiction until it appears that it is not the sum in dispute : but when it appears that the sum demanded is not the real sum in dispute, the sum shown, and not the sum demanded, will govern.

4. On appeal by the plaintiff, or by a defendant in case set-off or counterclaim has been filed or affirmative relief is demanded, the jurisdiction is to be determined by the amount of the relief additional or otherwise sought to be obtained by the appeal, having reference to the judgment below.

5. On appeal by defendant, the sum of the judgment against him governs the jurisdiction when no affirmative relief is asked.

6. The amount stated in the body of the declaration, and not merely the damages alleged on the prayer for judgment at its conclusion, must be considered in determining the question of jurisdiction.

7. The previous cases bearing on this subject considered and reviewed.

Bill of interpleader filed by Charles D. Gilmore against Benjamin S. Hilton, William H. Dickinson, John Devlin, and others, to determine the ownership of $2,500, which Gilmore held as trustee. The fund was paid into court, and when the decree below was rendered had increased by investment to more than $3,000. Hilton, Dickinson, and Devlin each claimed the whole. The court, at special term, decreed the whole to Hilton. From this decree both Dickinson and Devlin appealed to the general term. There the decree at special term was modified so as to direct the payment of the fund to Hilton and Dickinson in equal moieties, and to adjudge the costs against Devlin alone. Hilton took an appeal to this court from this decree, " in so far as it modifies the decree of the court below, to wit, the special term in equity," and citation was issued to Dickinson alone. This appeal was docketed here in due time.

An appeal was also allowed Devlin at the time the decree was rendered, but that appeal was not entered in this court. There was no appearance of counsel or security for costs within the time required by law.

Dickinson moved to dismiss the appeal of Hilton, on the ground that the value of the matter in dispute did not exceed $2,500, and to docket and dismiss under the 9th Rule the appeal of Devlin.

Devlin also appeared by counsel, and presented an assignment to him from Dickinson of all interest in the litigation, which was executed before the decree was modified at general term. He, therefore, insisted that Dickinson had no right to move in the premises, and asked that the appearance of his own counsel be entered.

*Mr. F. W. Hackett* for Dickinson.—I. A party appealing from part of a decree admits the remainder to be correct. 2 Davies' Chancery Practice, *1467 (5th ed.); *Kelsey* v. *Weston*, 2 N. Y. 500; *Norbury* v. *Meade*, 3 Bligh, 261; *Sands* v. *Codwise*, 4 Johns. 536.—II. The court will ascertain just what amount is involved between appellant and appellee. In *Terry* v. *Hatch*, 93 U. S. 44, several decrees had been passed; a master's report allowed Terry's claim of $23,000, also Hatch's claim of $75,000. It was a suit by creditors against an insolvent bank. Terry excepted to the master's report allowing the above sums; and the court overruling his exceptions, he appealed without joining any other party to the record with him as appellant. As it appeared that the distributive share coming to him was but little more than $500, the court dismissed the appeal. In the case at bar, value of the matter in dispute plainly appears from the pleadings to be less than the jurisdictional amount. This is a fact easily ascertained, and no review of the merits of the case can alter it. The appeal ought to be dismissed without compelling the appellee to go to a final hearing.

*Mr. M. F. Morris* for Devlin.—Dickinson recovered judgment for the same cause of action against Devlin, and Devlin paid the judgment and took an assignment of it and of all his rights in these suits. His interference in these suits is therefore unwarrantable and extraordinary. As to the motion to dismiss Devlin's appeal, because of his failure to docket it and secure the clerk, the failure seems to have been caused by inadvertence and the supposition that the docketing of one appeal would do for both. Since his attention has been called to the matter, he has caused his appearance to be entered, and has given security to the clerk, and only awaits the permission of

the court to docket his appeal now. As both appeals can and should be heard together, and no injury has been, or can be, done to any one by his failure to docket, and he has now secured the clerk and entered his appearance, it is respectfully submitted that he should be allowed *nunc pro tunc* to docket his appeal, and that the motion to dismiss should be denied.

*Mr. F. P. B. Sands* for Hilton.

MR. CHIEF JUSTICE WAITE delivered the opinion of the court.

At the last term, in the case of *The S. S. Osborne*, 105 U. S. 447, it was decided that "Cross-appeals must be prosecuted like other appeals. Every appellant, to entitle himself to be heard on his own appeal, must appear here as an actor in his own behalf by having the appearance of counsel entered, and giving the security required by the rules." In that case the appeal had been docketed, but long after the time when by law it should have been done; and, following the rule announced in *Grigsby* v. *Purcell*, 99 U. S. 505, it was dismissed for want of prosecution. Inasmuch, therefore, as we would not hear the cross-appeal if it should be entered at this time, we deny the motion of Devlin to have the appearance of counsel entered on that appeal, and of our own motion dismiss it for want of prosecution.

It is a matter of no importance that the motion to dismiss the appeal of Hilton is made by Dickinson after he has parted with his interest in the decree, for, if on looking into a record we find we have no jurisdiction, it is our duty to dismiss on our own motion without waiting the action of the parties. The question is then presented whether upon the face of this record it appears that the value of the matter in dispute, for the purpose of our jurisdiction, exceeds $2,500, and that depends on whether the "matter in dispute" is the whole amount claimed by Hilton below, or only the difference between what he has recovered and what he sued for. So far as we have been able to discover, this precise point has never before been passed upon in any reported case. There are expressions in the opinions of the court in some cases which may.

be, and probably are, broad enough to sustain the jurisdiction, but these expressions are found where the facts did not require a decision of the question now formally presented.

In *Wilson* v. *Daniel*, decided in 1798, and reported in 3 Dallas, 401, upon a writ of error brought by a defendant below from a judgment against him for less than $2,000, it was held that the jurisdiction of this court depended not on the amount of the judgment, but " on the matter in dispute when the action was instituted." Chief Justice Ellsworth, in his opinion, said:

." If the sum or value found by a verdict was considered as the rule to ascertain the magnitude of the matter in dispute, then, whenever less than $2,000 was found, a defendant could have no relief against the most erroneous and injurious judgment, though the plaintiff would have a right of removal and revision of the cause, his demand (which is alone to govern him), being for more than $2,000. It is not be presumed that the legislature intended to give any party such an advantage over his antagonist ; and it ought to be avoided, as it may be avoided, by the fair and reasonable interpretation, which has been pronounced."

Mr. Justice Iredell, in a dissenting opinion, thus states the argument on the other side:

" The true motive for introducing the provision which is under consideration, into the judicial act, is evident. When the legislature allowed a writ of error to the supreme court, it was considered that the court was held permanently at the seat of the national government, remote from many parts of the Union ; and that it would be inconvenient and oppressive to bring suitors hither for objects of small importance. Hence, it was provided, that unless the matter in dispute exceeded the sum or value of $2,000, a writ of error should not be issued. But the matter in dispute here meant, is the matter in dispute on the writ of error."

In *Cooke* v. *Woodrow*, 5 Cranch, 13, decided in 1809, trover had been brought in the Circuit Court of the District of Columbia for sundry household goods, and the judgment was in favor of the defendants. Upon a writ of error by the plaintiff below,

a question arose as to the way in which the value of the matter in dispute should be ascertained, and Chief Justice Marshall, in announcing the decision, said:

"If the judgment below be for the plaintiff, that judgment ascertains the value of the matter in dispute; but when the judgment below is rendered for the defendant, this court has not, by any rule or practice, fixed the mode of ascertaining that value."

Three years afterwards the case of *Wise & Lynn* v. *The Columbian Turnpike Company* was before the court, which is very imperfectly reported in 7 Cranch, 276. On referring to the original record we find that under a provision of the charter of the turnpike company, 2 Stat. 572, ch. 26, sec. 6, commissioners were to be appointed by the Circuit Court of the District of Columbia to decide upon the compensation to be paid the owners of land for damages growing out of the appropriation of their property to the use of the company. All awards of the commissioners were to be filed in the Circuit Court, and unless set aside by the court were to be final and conclusive between the parties, and recorded by the clerk. Wise & Lynn presented a claim to the commissioners and were awarded $45. On the return of the award to the court they filed exceptions, and, among other things, claimed that they should have been allowed at least $300, but the court confirmed the award. They then brought the case to this court by writ of error, and the turnpike company moved to dismiss because the value of the matter in dispute did not exceed $100, that being then the jurisdictional limit on appeals and writs of error from the Circuit Court of the District of Columbia. The decision of the case is reported as follows:

"It appearing that the sum awarded was only forty-five dollars, the court, all the judges being present, decided that they had no jurisdiction, although the sum claimed by Wise & Lynn, before the commissioners of the road, was more than one hundred dollars."

In *Peyton* v. *Robertson*, 9 Wheat. 527, replevin had been brought for the recovery of personal property distrained for rent. The defendant in the action acknowledged the taking of the goods as charged in the declaration, but justified it as a distress for the sum of $591 due for rent in arrear, and recovered a judgment against the plaintiff for that amount. The plaintiff then brought the case to this court by writ of error, and insisted that as the damages laid in the declaration exceeded the jurisdictional limit his writ ought not to be dismissed; but the court said, through Chief Justice Marshall:

" If the replevin be, as in this case, of property distrained for rent, the amount for which the avowry is made is the real matter in dispute. The damages are merely nominal. If the writ be issued as a means of trying the title to property, it is in the nature of detinue, and the value of the article replevied is the matter in dispute."

The writ of error was accordingly dismissed.

The case of *Gordon* v. *Ogden*, 3 Pet. 33, was decided in 1830. There the action was instituted for the violation of a patent, and the amount of the recovery in damages was $400, by the verdict of a jury. The damages laid in the declaration were $2,600. The defendant brought the writ of error, and on a motion to dismiss because the value of the matter in dispute was not enough to give jurisdiction, Chief Justice Marshall, speaking for the court, said:

" The jurisdiction of the court has been supposed to depend on the sum or value of the matter in dispute in this court, not on that which was in dispute in the circuit court. If the writ of error be brought by the plaintiff below, then the sum which his declaration shows to be due may be still recovered, should the judgment for a smaller sum be reversed ; and consequently the whole sum claimed is still in dispute. But if the writ of error be brought by the defendant in the original action, the judgment of this court can only affirm that of the circuit court, and consequently the matter in dispute cannot exceed the amount of the judgment. Nothing but that judgment is in dispute between the parties."

Then referring to *Wilson* v. *Daniel, supra,* he said:

."Although that case was decided by a divided court, and although we think that, upon the true construction of the twenty-second section of the judicial act, the jurisdiction depends upon the sum in dispute between the parties as the case stands upon the writ of error, we should be much inclined to adhere to the decision in *Wilson* v. *Daniel,* had not a contrary practice since prevailed. . . . The case of *Wise & Lynn* v. *The Columbian Turnpike Company,* 7 Cranch, 276, was dismissed because the sum for which judgment was rendered in the circuit court was not sufficient to give jurisdiction, although the claim before the commissioners of the road, which was the cause of action and the matter in dispute in the circuit court, was sufficient. . . . Since this decision we do not recollect that the question has ever been made. The silent practice of the court has conformed to it. The reason of the limitation is that the expense of litigation in this court ought not to be incurred unless the matter in dispute exceeds two thousand dollars. This reason applies only to the matter in dispute between the parties in this court."

The writ of error was consequently dismissed, all the judges agreeing that there was no jurisdiction. This case was followed at the same term in *Smith* v. *Honey,* 3 Pet. 469.

Nothing further of importance connected with the particular question we are now considering appears in the reported cases until 1844, when, in *Knapp* v. *Banks,* 2 How. 73, which was a writ of error brought by a defendant against whom a judgment had been rendered for less than $2,000, Mr. Justice Story said for the court:

"The distinction constantly maintained is this : Where the plaintiff sues for an amount exceeding $2,000, and the *ad damnum* exceeds $2,000, if by reason of any erroneous ruling of the court below, the plaintiff recovers nothing, or less than $2,000, there the sum claimed by the plaintiff is the sum in controversy for which a writ of error will lie. But if a verdict is given against the defendant for a less sum than $2,000, and judgment passes against him accordingly, there it is obvious that there is, on the part of the defendant, nothing in controversy beyond the sum

for which the judgment is given ; and consequently he is not entitled to any writ of error. We cannot look beyond the time of the judgment in order to ascertain whether a writ of error lies or not."

The rule, as thus stated by Mr. Justice Story, was cited in *Walker* v. *The United States*, 4 Wall. 163, and in *Merrill* v. *Petty*, 16 Wall. 338. But these were cases in which the question was as to the right of a defendant to bring up for review a judgment against himself for less than $2,000.

In *Ryan* v. *Bindley*, 1 Wall. 66, the plaintiff below sued for $2,000, and the defendant pleaded set-off to the amount of $4,000. Under such a plea, if the set-off had been sustained, the defendant would have been entitled to a judgment for the difference between the amount of his claim and that established by the plaintiff. The plaintiff recovered a judgment for $575.85, and the defendant brought a writ of error, upon which jurisdiction was sustained because the defendant sought to defeat the judgment against him altogether, and to recover a judgment in his own favor and against the plaintiff for at least $2,000, and possibly $4,000. Thus the matter in dispute in this court exceeded $2,000.

In *Pierce* v. *Wade*, 100 U. S. 444, the action was replevin for cattle. A judgment was rendered in favor of the plaintiffs for the most of the cattle taken on the writ, but against them for $1,400, the value of some that were taken which did not belong to them. They brought the case here by writ of error, but the writ was dismissed on the ground that the matter in dispute was only the part of the cattle for which judgment had been rendered against the plaintiffs, the court remarking that "the plaintiffs recovered everything else which they claimed, and the judgment against them is less than $5,000."

In *Lamar* v. *Micou*, 104 U. S. 465, where the appeal was taken by a defendant from a decree against him for less than $5,000, it was held that if the set-off or counterclaim relied on would only have the effect of reducing the amount of the re-

covery, without entitling the defendant to a decree in his own favor, there was no jurisdiction.

We understand that *Wilson* v. *Daniel* is overruled by *Gordon* v. *Ogden*, in which Chief Justice Marshall states the opinion of the court to be that "the jurisdiction of the court depends upon the sum in dispute between the parties as the case stands upon the writ of error," and that *Wilson* v. *Daniel* was not followed because "a contrary practice had since prevailed." It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail. *Lee* v. *Watson*, 1 Wall. 337; *Schacker* v. *Hartford Fire Insurance Company*, 93 U. S. 241; *Gray* v. *Blanchard*, 97 U. S. 564; *Tintsman* v. *National Bank*, 100 U. S. 6; *Banking Association* v. *Insurance Association*, 102 U. S. 121. Under this rule it has always been assumed, since *Cooke* v. *Woodrow, supra*, that when a defendant brought a case here, the judgment or decree against him governed our jurisdiction, unless he had asked affirmative relief, which was denied; and this because as to him jurisdiction depended on the matter in dispute here. If the original demand against him was for more than our jurisdictional limit, and the recovery for less, the record would show that he had been successful below as to a part of his claim, and that his object in bringing the case here was not to secure what he had already got, but to get more. As to him, therefore, the established rule is that, unless the additional amount asked for is as much as our jurisdiction requires, we cannot review the case.

We are unable to see any difference in principle between the position of a plaintiff and that of a defendant as to such a case. The plaintiff sues for as much as, or more than, the sum required to give us jurisdiction, and recovers less. He does not, any more than a defendant, bring a case here to secure what he has already got, but to get more. If we take a case for him when the additional amount he asks to recover is less than we can consider, he has "an advantage over his antagonist,"

such as, in the language of Chief Justice Ellsworth, *supra*, "it is not to be presumed it was the intention of the legislature to give." Such a result ought to be avoided, and it may be by holding, as we do, that, as to both parties, the matter in dispute, on which our jurisdiction depends, is the matter in dispute " between the parties as the case stands upon the writ of error " or appeal, that is to say, as it stands in this court. That was the question in *Wilson* v. *Daniel,* where it was held that, to avoid giving one party an advantage over another, it was necessary to make jurisdiction depend "on the matter in dispute when the action was instituted." When, therefore, that case was overruled in *Gordon* v. *Ogden,* and it was held, as to a defendant, that his rights depended on the matter in dispute in this court, we entertain no doubt it was the intention of the court to adopt as an entirety the position of Mr. Justice Iredell in his dissenting opinion, and to put both sides upon an equal footing. Certainly it could not have been intended to give a plaintiff any advantage over a defendant, when there is nothing in the law to show any such superiority in position.

Under this rule we have jurisdiction of a writ of error or appeal by a plaintiff below when he sues for as much as or more than our jurisdiction requires and recovers nothing, or recovers only a sum which, being deducted from the amount or value sued for, leaves a sum equal to or more than our jurisdictional limit, for which he failed to get a judgment or decree. And we have jurisdiction of a writ of error or appeal by a defendant when the recovery against him is as much in amount or value as is required to bring a case here, and when, having pleaded a set-off or counter-claim for enough to give us jurisdiction, he is defeated upon his plea altogether, or recovers only an amount or value which, being deducted from his claim as pleaded, leaves enough to give us jurisdiction, which has not been allowed. In this connection, it is to be remarked that the " amount as stated in the body of the declaration, and not merely the damages alleged, or the prayer for judgment, at its conclusion, must be considered in determining whether this court can take jurisdiction." *Lee* v. *Watson,* and the other cases cited in connection therewith, *supra.* The same is true of

the counterclaim or set-off.    It is the actual matter in dispute
as shown by the record, and not the *ad damnum* alone, which
must be looked to.

Applying this rule to the present case, it is apparent we have
no jurisdiction.    The original matter in dispute was $3,000.
On appeals from the Supreme Court of the District of Colum-
bia we have jurisdiction only when the matter in dispute ex-
ceeds $2,500.    Hilton recovered below one-half of the $3,000.
It follows that as to him the matter in dispute in this court is
only $1,500.

*The appeal of Hilton is dismissed for want of jurisdiction,
and that of Devlin for want of prosecution.*