**NEW YORK LIFE INS. CO. v. JENSEN et al.**
**No. 295.**

District Court, D. Nebraska, Lincoln Division. Oct. 24, 1929.

**MUNGER, District Judge.**

A motion to dismiss challenges the allegation of the amount involved in this suit. The amount in controversy is alleged to exceed $3,000 exclusive of interest and costs. There is a showing on file that this amount is involved because the amount from which the insurance company seeks relief is $10,974.29, the reserve which the company must maintain against liability under this policy, until it is finally satisfied. The amount in controversy is sufficiently alleged and established. Mutual Life Ins. Co. v. Thompson (D. C.) 27 F.(2d) 753.

The motion also alleges that the facts are insufficient to state a cause of action in equity. The facts are meagerly and somewhat indirectly alleged in plaintiff's bill, but it appears that the suit is to cancel the insurance policy, because of an alleged violation of a term of the application made by the plaintiff and made a part of the policy of insurance, whereby it was agreed that the insurance was not to take effect unless and until the policy was delivered to and received by the applicant, and the first premium thereon paid in full during his lifetime, and then only if the applicant had not consulted or been

treated by any physician after the medical examination. The bill states a cause of action. It is argued that there is an adequate remedy at law. Although there is no proof of the facts in this case, the court is asked to take knowledge of an action brought by the insured against the insurer on the same policy in the state court and removed to this court, in a case begun before this case, wherein the plaintiff sued for $1,050 for accrued disability benefits. It is contended that the insurer has an adequate remedy by defending that suit. Accepting the facts as contended, the insurer has a partial remedy but not an adequate one. If the insured should dismiss his claim and wait until two years has passed (the period of incontestability), the insurer would not have an adequate remedy at law, nor any remedy. The insurer is therefore entitled to maintain its bill in equity to cancel the policy. Jefferson Standard Life Ins. Co. v. Keeton (C. C. A.) 292 F. 53; Jefferson Standard Life Ins. Co. v. McIntyre (C. C. A.) 294 F. 886; Northwestern Mut. Life Ins. Co. v. Pickering (C. C. A.) 293 F. 496; Keystone Dairy Co. v. New York Life Ins. Co. (C. C. A.) 19 F.(2d) 68; Jones v. Reliance Life Ins. Co. (C. C. A.) 11 F.(2d) 69; Peake v. Lincoln Nat. Life Ins. Co. (C. C. A.) 15 F.(2d) 303.

The motion to dismiss will be overruled.