## THORKELSON v. ÆTNA LIFE INS. CO.

District Court, D. Minnesota,
Second Division.

Sept. 15, 1934.

Albert Running, of St. James, Minn., and Ellsworth, Clinite, Anderson, Dills & Dahl, of Minneapolis, Minn., for plaintiff.

Cobb, Hoke, Benson, Krause & Faegre, of Minneapolis, Minn., for defendant.

MOLYNEAUX, District Judge.

This matter comes before the court upon the plaintiff's motion to remand.

The case was removed to this court from the District Court of Watonwan county, Minn., on the ground of diversity of citizenship, and that the amount involved exceeds the jurisdictional minimum.

The motion to remand is made on the ground "that this court is without jurisdiction to hear and determine the cause pending, in that the petition of the defendant for order for removal of said cause to this Court, and the record and pleadings on file in said case do not show that the matter in controversy exceeds the sum or value of Three Thousand Dollars ($3,000.-00), either at the time of the commencement of said action or that it will exceed said sum at the probable time of the trial of said cause."

The complaint does not state the amount in controversy, but does show that the plaintiff is claiming that the life insurance policy on which the action is based is in full force and effect, and that the defendant is claiming that the policy has lapsed, and the complaint prays, among other things, that this court decree "that the policy is in full force and effect."

The petition for removal alleges, among other things:

"This is an action in which the plaintiff seeks to have reinstated and declared to be in full force and effect a certain life insurance policy numbered N 532758 issued by the defendant on the life of plaintiff, dated on or about the 20th day of August, 1925, and providing a death benefit in the sum of Five Thousand Dollars, and further providing for the payment to plaintiff of the sum of Fifty Dollars ($50.00) per month in the event plaintiff became, before attaining the age of sixty years, totally and permanently disabled by bodily injuries or disease to such an extent as to be thereby prevented from performing any work or conducting any business for compensation or profit, and in the event of such total and permanent disability for the waiver of premium amounting to One Hundred Fifty-six and 50/100 Dollars ($156.50) annually.

"Said policy of insurance lapsed on or about the 1st day of January, 1933, or within thirty-one days thereafter, for non-payment of premiums; that plaintiff claims to have been totally and permanently disabled within the meaning of those words as used in said policy since prior to January 1, 1933.

"If defendant is required to reinstate said policy, or if the court declares said policy to be in full force or effect, defendant will be required to maintain against liability on account of the disability provision in said policy, a reserve in excess of Three Thousand Dollars ($3,000.00) and waive premiums of One Hundred Fifty-six and 50/100 Dollars ($156.50) per year until the death of plaintiff and upon the death of the plaintiff, pay a death benefit in the sum of Five Thousand Dollars, all of which is the amount in controversy in this action."

It thus appears from the petition for removal that the defendant claims that the policy had lapsed at the time of the commencement of this suit and that the amount of the reserve which the defendant will be required to set up and maintain as a reserve against liability on account of the policy and disability provision exceeds $3,-000 and defendant would be required to waive an annual premium of $156.50 during every year of plaintiff's life, and upon the death of the plaintiff pay a benefit in the sum of $5,000.

The affidavit of Ralph Keffer, associate actuary of the defendant, filed in opposition to the plaintiff's motion to remand, sets out that the policy is now lapsed; is running as extended insurance without disability benefits against which liability defendant carries a reserve of $793.20; and that if defendant is required to reinstate said policy it will, according to its regular method of calculation, be required to set up a disability reserve of $5,087, and a reserve, other than disability reserve, in the sum of $1,043.55, making a total of $6,-130.55.

The complaint, failing to show the amount in controversy, the defendant may show it in his petition to remove. Banigan v. City of Worcester (C. C.) 30 F. 392; Order of R. R. Telegraphers v. Louisville & N. R. Co. (C. C.) 148 F. 437.

The plaintiff is seeking a decree of the court declaring in full force and effect a $5,000 policy of insurance which defendant claims has lapsed and on which it is not liable.

■ The foregoing state of facts shows the amount involved in the controversy is in excess of $3,000.

The situation is the same with respect to the jurisdiction of the court as it would be if the insurance company were in court seeking to have the policy canceled. In either instance, the amount in controversy would be the amount of the liability on the policy.

■ The weight of authority is that the amount in controversy in such a situation as this is not the accrued indemnity benefits, but either the face of the policy or the amount of the reserve that the insurer will be required to set up in the event the policy remains in force. New York Life Ins. Co. v. Swift (C. C. A.) 38 F.(2d) 175; New York Life Ins. Co. v. Seymour (C. C. A.) 45 F.(2d) 47, 73 A. L. R. 1523; Jensen v. New York Life Ins. Co. (C. C. A.) 50 F.(2d) 512; Brown v. Pacific Mutual Life Ins. Co. (C. C. A.) 62 F.(2d) 711; Penn Mutual Life Ins. Co. v. Joseph, in this court, 5 F. Supp. 1003, 1005, the decision filed Feb. 12, 1934.

The remarks of Judge Nordbye in the latter case are pertinent here. It was there said: "The decided weight of authority recognizes that the jurisdictional requirement is satisfied when an action in equity seeks to cancel a life insurance contract in excess of $3,000 on the grounds of fraud. * * * The court evidently concluded in these cases that the amount of the policy measures the loss that plaintiff will suffer if the policy is not canceled, because death is inevitable, and, with the uncertainty of life, it may occur at any time. It may not be amiss to point out, however, that, while death is inevitable, a default in the premiums on a life policy will absolve the insurer of liability. Death may also occur during the contestable period under circumstances which render the policy voidable. It is evident, therefore, that the mere fact that there are certain contingencies and uncertainties does not necessarily defeat the jurisdiction of this court in computing the value of the protection that plaintiff is seeking."

Discussing the question of reserve, the court said: "But there is another and probably more convincing reason why the complaint is not subject to the objection that jurisdictional facts are lacking. Plaintiff is, according to the complaint, required to keep in its reserve an amount in excess of $3,000 solely on account of the disability provisions, which it contends were procured by fraud, and which it now seeks to cancel. Judge Munger, in New York Life Ins. Co. v. Jensen (D. C.) 38 F.(2d) 524, sustained the sufficiency of a bill on substantially the same allegation, and, on appeal of the case, reported in (C. C. A.) 50 F.(2d) 512, Judge Booth, inferentially, at least, recognized the sufficiency of the test laid down in the court below."

I accordingly hold that the motion to remand should be, and is, denied.