**ENZOR v. JEFFERSON STANDARD LIFE INS. CO. (two cases).**

**Nos. 3493, 3494.**

District Court, E. D. South Carolina.

May 18, 1936.

G. Lloyd Ford, of Conway, S. C., and A. F. Woods, of Marion, S. C., for plaintiff.

Willcox, Hardee & Wallace, of Florence, S. C., for defendant.

MYERS, District Judge.

These two actions involve the same state of facts. Each action was instituted by the service of a summons and complaint on May 21, 1935, and within due time the defendant filed its petition and bond for the removal of each of said actions to this court.

The complaints allege the execution and delivery by the defendant of its certain policies of life insurance aforementioned,

each dated August 5, 1927, wherein and whereby the defendant agreed to pay to the insured's executors, administrators, or assigns, upon receipt of due proof of death of the insured, the sum of $2,500, and whereby the defendant also agreed to pay to the insured the premiums required thereon and a monthly income of $25 per month in the event of total and permanent disability of the insured in accordance with the terms of the said policies of insurance. The complaint further alleges plaintiff became totally and permanently disabled on or about March 16, 1934, and filed a claim with the defendant for waiver of premiums and the payment of $25 per month on each of the said policies; that defendant failed and refused to pay same and is indebted to plaintiff in the sum of $350 on each policy on account of disability benefits, together with a refund of $117.08 on each policy on account of annual premiums paid. It is further alleged in each complaint that plaintiff is entitled "to have the defendant specifically perform the agreement in the disability clause of the said policy to pay to the plaintiff and to continue to pay to the plaintiff the monthly disability of Twenty-five ($25.00) Dollars per month and to have the premiums paid on the said policy of insurance." Each complaint further alleges that the failure and refusal on the part of the defendant were done willfully, wantonly, and with the total disregard of the rights of the plaintiff, to plaintiff's damage in the sum of $1,500. Prayer for relief in each complaint is for the recovery of $350 on account of past-due disability benefits, $117.-08 on account of premiums paid, $1,500 punitive damages, and "that the Court do require the defendant to specifically carry out its contract by the payment monthly of the total and permanent disability benefits under said policy amounting to the sum of Twenty-five ($25.00) Dollars per month; and to require the defendant to carry or pay the premiums on the aforementioned policy of insurance."

The plaintiff is a citizen and resident of the county of Horry, state of South Carolina, and the defendant is a corporation duly organized and existing under the laws of the state of North Carolina, and, as such, a citizen and resident of said state.

The petition for removal sets forth that the defendant has been required by reason of the assertion of the claim of the plaintiff for disability benefits to establish and has established and will be required to maintain against liability on account of the disability provision in each policy of insurance a reserve of $1,550.56, and if the plaintiff prevails in this action will be required to waive the annual premiums on each policy of insurance aggregating $117.-08, and to pay $25 per month to the plaintiff during her alleged disability and to pay upon her death the sum of $2,500, and that the value of the right involved in this action is not limited to the monetary demand in plaintiff's complaint, but that the value of the right exceeds the sum or value of $3,000 exclusive of interest and costs, setting forth in that connection that there is involved in this action whether the defendant should be required to specifically carry out the provisions of the contract relating to the payment of a monthly disability of $25.

The plaintiff has made a motion to remand the cases upon the ground that it appears from the face of the proceedings that the amount in controversy between the plaintiff and the defendant is less than the sum or value of $3,000 exclusive of interest and costs.

The established principle to be applied in the determination of this question is fairly stated in Hughes Federal Practice, vol. 1, § 422, as follows: "The value of the matter in controversy is the value of that which the complainant seeks to recover or the value of that which the defendant will lose if the complainant obtains the recovery he seeks. It means the pecuniary result to either party which the judgment entered in the case would directly produce either at once or in the future. It is the actual matter in dispute, the value of the rights involved, that is controlling. The value of the object to be gained is the test of the amount involved."

The application of the principle to the established facts in Brotherhood of Locomotive Firemen and Enginemen v. Pinkston, 293 U.S. 96, 99, 55 S.Ct. 1, 79 L.Ed. 219, and in Thompson v. Thompson, 226 U. S. 551, 33 S.Ct. 129, 57 L.Ed. 347, presented no difficulty, because in the Brotherhood Case the effort was to control the administration and distribution of a fund in which it was held that the plaintiff's interest exceeded the jurisdictional amount; and in the Thompson Case, continuing payments were decreed which the court held would, in the ordinary course of events, exceed the jurisdictional amount.

■ Plaintiff then contends that, notwithstanding the allegation of the complaint that plaintiff is entitled to have the defendant specifically perform the agreement contained in the disability clause, and to continue to pay the plaintiff the monthly sum therein involved, and to have the premiums paid on said policies of insurance, that there is really no right of specific performance involved, and that the effect by way of estoppel, if any, on future actions for further accrued disability benefits would be merely incidental, and cannot be considered in determining the amount involved for jurisdictional purposes. I am inclined to that extent to agree with the plaintiff's view. It is amply supported by Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; Bruce v. Manchester & Keene R. Co., 117 U.S. 514, 6 S.Ct. 849, 29 L.Ed. 990; New England Mortgage Security Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646; Holt v. Indiana Mfg. Co., 176 U.S. 68, 20 S.Ct. 272, 44 L.Ed. 374; and particularly Wright v. Mutual Life Ins. Co. (C.C.A.) 19 F. (2d) 117, and other cases cited in memorandum opinion of the Supreme Court of the United States in Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L. Ed. 726. See, also, New York Life Ins. Co. v. Viglas, 56 S.Ct. 615, 80 L.Ed. ——, decided March 30, 1936, applying not only this principle, but holding that the amount involved could not exceed the benefits in default at the commencement of the suit. It would seem, therefore, from a study of these cases, that the test is not "the pecuniary result to either party which the judgment entered in the case would directly produce either at once or in the future."

■ There is another line of cases which appear to be controlling, on the showing made here, in the application of the true test stated by Mr. Hughes as follows: "It is the actual matter in dispute, the value of the right involved, that is controlling. The value of the object to be gained is the test of the amount involved."

The defendant submits that the jurisdictional right is established by adding to the judgment claimed and to which the plaintiff would be confined in a money recovery, a reserve, which the petition, supported by affidavit, alleges that it is required by law to immediately establish and set up. In Mutual Life Ins. Co. v. Thompson et ux. (D.C.) 27 F.(2d) 753, at page 754, Jensen v. New York Life Ins. Co. (C.C.A.) 50 F.(2d) 512, Penn Mutual Life Ins. Co. v. Joseph (D.C.) 5 F.Supp. 1003, and in Thorkelson v. Ætna Life Ins. Co. (D.C.) 9 F.Supp. 570, it is held, on the principle, that the courts shall consider the value of the matter in dispute upon consideration of the pleadings as made up at the time of the removal, that where the petition makes such a showing of required reserve as brings the involved rights of the defendant within the jurisdictional amount, it must be so considered as a valuable right of the plaintiff on one hand, and a liability of value on the part of the defendant on the other hand. I find myself in accord with the reasoning of the cited cases on this point. There is no traverse to defendant's petition, and I find that the amount required to be immediately established as a reserve by the defendant to meet the plaintiff's claim is of sufficient value, in connection with plaintiff's monetary demands, to give this court jurisdiction. See Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 507, 29 L.Ed. 729, quoting with approval Hilton v. Dickinson, 108 U.S. 165, 174, 2 S.Ct. 424, 27 L.Ed. 688, 691, as follows: "It is undoubtedly true, that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

It is therefore ordered that the motion to remand in the two captioned actions be and the same is hereby refused.