### ROSS v. TRAVELERS INS. CO.
#### No. 3665.

District Court, E. D. South Carolina.
May 20, 1936.

McEachin & Townsend, of Florence, S. C., for plaintiff.

Willcox, Hardee & Wallace, of Florence, S. C., for defendant.

MYERS, District Judge.

This action, based upon a demand for money judgment for accrued benefits under the insurance policy set out in the complaint for less than the jurisdictional amount, was removed to this court on petition filed by defendant, in which it was set out that the demand required the setting up of a required reserve under the terms of the policy more than sufficient to bring the matter within the jurisdiction of this court. There was no traverse to the petition. This court held, in the matter of Enzor v. Jefferson Standard Life Insurance Company, 14 F.Supp. 677, in opinion filed May 18, 1936, that such a showing must be considered as a valuable right of the plaintiff on the one hand, and a liability of value on the part of the defendant on the other hand. See Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 507, 29 L.Ed. 729, quoting with approval Hilton v. Dickinson, 108 U.S. 165, 174, 2 S.Ct. 424, 27 L.Ed. 688, 691, as follows:

"It is undoubtedly true, that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction, but it is equally true that, when it is shown that the sum demanded is not the real matter in dispute, the sum shown, and not the sum demanded, will prevail."

This is in line with the application of the principle in determining jurisdiction in Mutual Life Ins. Co. v. Thompson et ux. (D.C.) 27 F.(2d) 753, at page 754; Jensen v. New York Life Ins. Co. (C.C.A.) 50 F.(2d) 512; Penn Mutual Life Ins. Co. v. Joseph (D.C.) 5 F.Supp. 1003; and Thorkelson v. Ætna Life Ins. Co. (D.C.) 9 F. Supp. 570, as distinguished from the application adopted in the case of Wright v. Mutual Life Ins. Co. (C.C.A.) 19 F.(2d) 117, and other cases cited in the memorandum opinion of the Supreme Court of the United States, Mutual Life Ins. Co. v.

**820**

Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L. Ed. 726.

It is therefore ordered that the motion to remand be, and the same is hereby, refused.