### SMALL v. NEW YORK LIFE INS. CO.
### No. 1329.

District Court, N. D. Alabama, S. D.
March 30, 1937.

Pitts & Pitts, of Selma, Ala., for plaintiff.

Rushton, Crenshaw & Rushton, of Montgomery, Ala., for defendant.

McDUFFIE, District Judge.

The complaint sets up one and the same cause of action in four counts, claiming $500 as disability benefits under the insurance policy here involved, and two counts for one and the same cause of action claiming $453.70 premium paid under the policy after submission to the company of proof of the disability of the insured. The total amount of the sums claimed is $953.70.

The circuit court of Dallas county removed the case to this court on petition of the defendant company, which petition sets out the diversity of citizenship, and alleges that the amount in controversy exceeds, exclusive of interests and costs, the sum of $3,000; that such an amount is here involved because a sum not less than $3,000 has been set aside by the insurance company under the statute of the state of New York; that this sum is a special reserve fund, and a fixed liability of the company; that the plaintiff has an expectancy of nearly fifteen years and annual payments for permanent and total disability would amount to approximately $15,000.

The question here comes on a motion to remand. If this cause were an action seeking to cancel the policy, or declare it in force and effect, the question could be easily disposed of. The courts have without exception held in such cases that the amount shown by the face of the policy or the amount held in reserve is the amount involved in the controversy. New York Life Ins. v. Jensen (D.C.) 38 F.(2d) 524 and Jensen v. New York Life Ins. Co. (C.C.A.) 50 F.(2d) 512. The trial court in that case said: "A motion to dismiss challenges the allegation of the amount involved in this suit. The amount in controversy is alleged to exceed $3,000 exclusive of interest and costs. There is a showing on file that this amount is involved because the amount from which the insurance company seeks relief is $10,974.29, the reserve which the company must maintain against liability under this policy, until it is finally satisfied. The amount in controversy is sufficiently alleged and established."

This was a case in which the insurance company filed a bill to cancel the policy. The case of Elliott v. Empire Gas Co.

(C.C.A.) 4 F.(2d) 493, 497, was a petition for injunction.

 The case of Penn Mutual Insurance Company v. Joseph (D.C.) 5 F.Supp. 1003, was a suit to cancel an insurance policy on the ground of fraud. In Thorkelson v. Aetna Life Insurance Co. (D.C.) 9 F.Supp. 570, there was an action to have the policy declared in full force and effect. The Enzor Case (Enzor v. Jefferson Standard Life Ins. Co.) (D.C.) 14 F.Supp. 677, was an action seeking to recover monthly benefit installments and premiums, and specific performance. The District Court in that case held that the federal court had jurisdiction because the amount held in reserve was the amount in controversy. The same court rendered a similar opinion on May 20th 1936 in Ross v. Travelers Insurance Co., 18 F.Supp. 819, and quoted from Hilton v. Dickinson, 108 U.S. 165, 174, 2 S. Ct. 424, 27 L.Ed. 688, as follows: "It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute, that sum will govern in all questions of jurisdiction; but it is equally true that when it is shown that the sum demanded is not the real matter in dispute the sum shown and not the sum demanded will prevail."

The courts all agree on the rule above quoted. What is the real amount shown in this cause to be in controversy? It is true the plaintiff alleges he is permanently and totally disabled, but he is claiming only for accrued installments, together with moneys paid as premiums. Judgment cannot be rendered in this case for more than $953.70. A judgment here cannot settle or affect a claim or suit for installments accruing in the future under the policy, should the disability continue to be permanent and total. It is conceivable that one permanently and totally disabled may be restored to health or his condition may so improve as to remove the company's liability under the terms of the policy. The permanency of disability may be a matter of opinion upon which the best experts might differ. We cannot escape the element of contingency involved. Be this as it may, on a review of the statute (Jud.Code § 24(1), 28 U.S.C.A. § 41(1) defining the jurisdiction of this court, and the reasoning in the case of Wright v. Mutual Life Insurance Co. of New York (D.C.) 3 F.(2d) 501; Id. (C.C.A.) 19 F.(2d) 117; Mutual Life Ins. Co. v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; the cases of Elgin v. Marshall, 106

U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249; New England Mortgage Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646, this court cannot escape the conclusion that this cause must be remanded to the state court. The Court of Appeals for the Fifth Circuit said, in reversing the District Court in the Wright Case, which is very similar to the one here under consideration:

"We are of opinion that the trial court did not have jurisdiction of the subject-matter, and therefore erred in denying appellant's motion to remand the cause to the state court. 'The matter in controversy' was the amount for which the appellant could recover judgment. That amount, which could not exceed $420, was much less than is required to confer jurisdiction on a federal District Court. * * * But the collateral effect of a judgment is not the test of jurisdiction. It was so held in the leading case of Elgin v. Marshall, 106 U. S. 578, 1 S.Ct. 484, 27 L.Ed. 249. * * * The ruling in that case has not been departed from, but has been followed by the Supreme Court in subsequent cases. Opelika City v. Daniel, 109 U.S. 108, 3 S.Ct. 70, 27 L.Ed. 873; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Vicksburg, etc., R. R. Co. v. Smith, 135 U.S. 195, 10 S.Ct. 728, 34 L.Ed. 95; The Sydney, 139 U.S. 331, 11 S.Ct. 620, 35 L.Ed. 177; New England Mortgage Co. v. Gay, 145 U.S. 123, 12 S.Ct. 815, 36 L.Ed. 646. * * * This case cannot be distinguished from Elgin v. Marshall, supra, on the ground that here it is certain, and there it was uncertain, whether the judgment would work an estoppel in a subsequent suit. In New England Mortgage Company v. Gay, supra, it was said: 'It is well settled in this court that, when our jurisdiction depends upon the amount in controversy, it is determined by the amount involved in the particular case, and not by any contingent loss either one of the parties may sustain by the probative effect of the judgment, however certain it may be that such loss will occur.'"

In the case of La Vecchia v. Connecticut Mutual Life Insurance Company of Hartford, Connecticut (D.C.) 1 F.Supp. 588, the learned District Judge Caffey said:

"The total and permanent disability clause (paragraph 4 of the complaint) plainly obligates the defendant to pay installments only during continuance of the disability. In other words, the face of the complaint shows that in no event can plaintiff properly have judgment for the whole period of

his life expectancy. It follows that a calculation predicted on tables of mortality is not a test of the sum for which it is permissible to render judgment. The implication is inescapable that, in the state court, this was the view taken by Judge Foster when he declined to sign an order of removal.

"Two things are clear: (a) a judgment for one installment will not foreclose future litigation at any time of the issue of whether the disability has ceased; (b) even if a judgment for the February, 1932, installment were res adjudicata of liability for installments maturing in subsequent months, that would not increase, for jurisdictional purposes, the amount in controversy beyond the sum for which, upon the complaint, judgment can presently be rendered. Wright v. Mutual Life Ins. Co. of New York (C.C.A.) 19 F.(2d) 117, affirmed 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; Cf. Enger v. Northern Finance Corporation, supra [(D.C.) 31 F.(2d) 136]."

██ It seems to be conceded by counsel for insurer that the collateral effect of a judgment cannot be considered in a test of this court's jurisdiction. This leaves the only question to be decided by the court, viz.: "Is the statutory reserve fund the real amount in controversy?" Under the decisions above quoted, and especially those in Elgin v. Marshall, and the Wright Case, the question must be answered in the negative.

This cause will be remanded to the state court.