## STRUBLE v. CONNECTICUT MUT. LIFE INS. CO. OF HARTFORD.

### No. 3585.

District Court, S. D. Florida.

June 21, 1937.

Thompson & Aiken, of St. Petersburg, Fla., for plaintiff.

R. W. Shackleford and Shackleford, Ivy, Farrior & Shannon, all of Tampa, Fla., for defendant.

AKERMAN, District Judge.

This action seeks recovery of the defendant of certain disability benefits alleged to be due the plaintiff under three different policies of insurance issued by it to the plaintiff, as well as statutory attorney fees for plaintiff's attorneys. Declaration is in four counts, first three of which seek recovery for the following sums, respectively: $385.00, with interest from February 15, 1933; $350.00, with interest from like date; and $315.00, also with interest from like date. In the fourth count the plaintiff seeks recovery for benefits under all three policies. It therefore appears that the total amount sought to be recovered in this action is $1,050, together with in-

780

terest on said sum from the 15th day of July, 1936, and also a reasonable attorneys' fee for services rendered by plaintiff's attorneys in the prosecution of this cause.

Defendant within due time filed petition for removal of this action, and on presentation of the petition to the circuit court of Pinellas county the state court refused to enter order of removal, and thereafter transcript of record was duly filed in this court.

Petition for removal discloses diversity of citizenship between the parties and further alleges that the defendant, petitioner, by operation of law, requirements of insurance departments of Connecticut, and in accordance with sound actuarial principles and practices, would be required to set up a reserve in the event the plaintiff should prevail herein and will be required to keep and maintain such a reserve in excess of $3,000, which reserve, together with more particular amounts claimed by the plaintiff, is the true amount of matter in dispute. In addition the petition contains the following allegations: "That the matter and amount in dispute in said suit, exclusive of interest and costs, exceeds the amount or value of $3,000.00."

The plaintiff filed a motion to remand upon the ground that the amount involved was less than $3,000 and also upon the ground that it affirmatively appears from the record that the cause could not have been filed in the first instance in this court.

The allegations of the petition for removal were not traversed.

The sole question here presented is whether or not the allegations of the petition above set forth are sufficient to establish jurisdictional amount within the purview of the statute, Jud.Code § 24(1), 28 U.S.C.A. § 41(1), wherein jurisdiction of this court is defined. Clearly, but for the allegation that the defendant will be required to set up a reserve in excess of $3,000 in the event the plaintiff should prevail herein, jurisdictional amount is not disclosed and the motion should be granted.

At the outset it may be well to point out that the verity of the allegations contained in the petition for removal are supported by affidavit. Plaintiff strenuously contends that the question here presented is necessarily determined in his favor by the announcement of the Fifth Circuit in the case of Wright v. Mutual Life Insurance Company (C.C.A.) 19 F.(2d) 117, and the affirmance of that decision by the Supreme Court of United States in Mutual Life Insurance Company v. Wright, 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726.

■ I have given careful consideration to these decisions, and in my opinion the holdings therein announced are not here applicable or controlling, for that the instant contention was not there under consideration. In the Wright Case the action was filed in a state court of Alabama seeking recovery of the company of seven monthly installments claimed to be due the beneficiary on a life insurance policy on the theory that the death of the assured was accidental. It appears that the defendant company in the petition for removal merely alleged that the matter in controversy exceeded the jurisdictional amount of $3,000 and there was no allegation whatsoever as to necessity of establishing a reserve. The court, in its opinion, reiterated the unquestioned rule that the collateral effect of a judgment is not the test of jurisdiction.

As I view the question here presented, this principle has no applicability and therefore, in my opinion, the Wright Case is not here controlling.

■ As to the effect of the allegations contained in the petition with reference to the requirement that defendant establish a reserve, I am impressed with the soundness of the reasoning employed by Judge McDowell in the case of Mutual Life Insurance Company v. Thompson (D.C.) 27 F.(2d) 753, 755:

"However, federal jurisdiction, in a case of this kind, is not necessarily defeated by even an impossibility of arriving at the exact value, or by difficulty in approximating the value, of the object sought by the bill. If this object has a pecuniary value, and if that value could exceed $3,000, the court cannot, on motion to dismiss, refuse to accept as true an allegation that the value of the object sought exceeds the jurisdictional minimum. I am unable to say that the object sought has no pecuniary value. * * *

"Values (in money) of many objects and rights lie in opinion. Except where a market value can be proved, it is a common occurrence for experts to prove values by opinion evidence. Remembering that we are here concerned merely with the existence or non-existence of a value greater than $3,000, I am not able to say that insurance experts cannot, with sufficient accuracy for jurisdictional purposes,

approximate the value in money of the object here sought by the bill."

There is, so far as my search has disclosed, no dissenting opinion to the proposition that, where the action is brought on behalf of an insurance company for cancellation of its policy that the reserve which the company must necessarily maintain against liability is to be considered in computing the amount in controversy. In New York Life Insurance Company v. Jensen (D.C.Neb.) 38 F.(2d) 524, a like contention to that here made by the plaintiff was denied, Judge Munger saying: "A motion to dismiss challenges the allegation of the amount involved in this suit. The amount in controversy is alleged to exceed $3,000 exclusive of interest and costs. There is a showing on file that this amount is involved because the amount from which the insurance company seeks relief is $10,974.29, the reserve which the company must maintain against liability under this policy, until it is finally satisfied. The amount in controversy is sufficiently alleged and established. Mutual Life Ins. Co. v. Thompson (D.C.) 27 F.(2d) 753."

On appeal the conclusion that jurisdictional amount was involved met with the approval of the court. See Jensen v. New York Life Insurance Company (C.C.A.) 50 F.(2d) 512.

In Penn Mutual Life Insurance Company v. Joseph, 5 F.Supp. 1003, 1004 (D. C.Minn.), action was by the company for cancellation of its policies on the ground of false representation, etc. Defendant moved to dismiss upon the ground that jurisdictional amount was not disclosed in the bill, notwithstanding that one of the allegations thereof was as follows: "It is also alleged that, if the disability provisions are not cancelled, plaintiff will be required to establish a reserve in an amount more than $3,000 in excess of the reserve that would be otherwise required."

Judge Nordbye in his opinion said: "But there is another and probably more convincing reason why the complaint is not subject to the objection that jurisdictional facts are lacking. Plaintiff is, according to the complaint, required to keep in its reserve an amount in excess of $3,000 solely on account of the disability provisions, which it contends were procured by a fraud, and which it now seeks to cancel. Judge Munger, in New York Life Ins. Co. v. Jensen (D.C.) 38 F.(2d) 524, sustained the sufficiency of a bill on substantially the same allegation, and, on appeal of the case, reported in (C.C.A.) 50 F.(2d) 512, Judge Booth, inferentially, at least, recognized the sufficiency of the test laid down in the court below."

Can the situation with reference to the applicability of the reserve in computing jurisdictional amount where the company brings the action be distinguished from that where the action is, as here, originally brought by the plaintiff for disability benefits and the allegations with reference to the required reserve are made in the petition for removal?

■ I see no sound ground for such distinction, and it is my opinion that the above decisions rule the cases at bar, in the absence of contra authority which has not been presented.

The conclusion above stated finds support in the opinion of United States Supreme Court in the recent case of Aetna Life Insurance Company v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 465, 81 L.Ed. 617, 108 A.L.R. 1000, wherein the court upheld the right of the company to invoke the Federal Declaratory Judgment Act (28 U. S.C.A. § 400) to determine its liability to the plaintiff for disability benefits and waiver of premiums. Chief Justice Hughes, rendering the opinion of the court, made the following pertinent statement: "But the character of the controversy and of the issue to be determined is essentially the same whether it is presented by the insured or by the insurer. * * * It is the nature of the controversy, not the method of its presentation or the particular party who presents it, that is determinative."

My conclusion, that the announcements of the above-cited cases rule the instant cause, is supported by several well-reasoned decisions from other District Courts.

In Thorkelson v. Aetna Life Insurance Company, 9 F.Supp. 570, 572 (D.C.Minn.), District Judge Molyneaux, in a carefully considered opinion, found the language contained in the petition for removal, which was strikingly similar to that here in question, was sufficient to disclose that jurisdictional amount was involved. I quote the following language:

"The situation is the same with respect to the jurisdiction of the court as it would be if the insurance company were in court seeking to have the policy cancelled. In either instance, the amount in controversy

would be the amount of the liability on the policy.

"The weight of authority is that the amount in controversy in such a situation as this is not the accrued indemnity benefits, but either the face of the policy or the amount of the reserve that the insurer will be required to set up in the event the policy remains in force."

A like conclusion has recently been reached by District Judge Myers in the case of Enzor v. Jefferson Standard Life Insurance Co. (D.C.) 14 F.Supp. 677, 679, wherein the effect of the Wright Case was given careful consideration and was held distinguishable for substantially the same reason as hereinbefore pointed out. In denying motion to remand, Judge Myers said: "I find that the amount required to be immediately established as a reserve by the defendant to meet the plaintiff's claim is of sufficient value, in connection with plaintiff's monetary demands, to give this court jurisdiction."

He then quoted from Barry v. Edmunds, 116 U.S. 550, 6 S.Ct. 501, 29 L.Ed. 729, wherein Hilton v. Dickinson, 108 U.S. 165, 2 S.Ct. 424, 27 L.Ed. 688, is quoted as follows: "When it is shown that the sum demanded is not the real matter in dispute, the sums shown, and not the sum demanded, will prevail."

The holding of the Enzor Case was later reaffirmed by the same court in the case of Ross v. Travelers Insurance Company, 18 F.Supp. 819 (D.C.S.C.).

I find but one decision contra, that of Small v. New York Life Insurance Company, 18 F.Supp. 820 (D.C.Ala.), wherein District Judge McDuffie grounded his conclusion that the amount set up as reserve is not to be taken into consideration in computing the real amount in controversy, upon the Wright Case. However, I do not find set forth in this opinion any reasoning which discloses wherein said case is applicable. Further, the following language in the Small opinion would seem to necessitate the conclusion which I have reached: "If this cause were an action seeking to cancel the policy, or declare it in force and effect, the question could be easily disposed of. The courts have without exception held in such cases that the amount shown by the face of the policy or the amount held in reserve is the amount involved in the controversy."

Judge McDuffie does not purport to show wherein the stated principle is not applicable and controlling in the event the action is by the assured and like facts are disclosed by petition for removal.

The element of contingency mentioned in the above decision, i. e., the possibility that the assured may be restored to health or his condition become so improved as to remove the company's liability, is, to my mind, wholly immaterial. An equal contingency appeared in the cases of Brotherhood of Locomotive Firemen and Enginemen v. Pinkston, 293 U.S. 96, 55 S.Ct. 1, 79 L.Ed. 219, and Thompson v. Thompson, 226 U.S. 551, 33 S.Ct. 129, 57 L.Ed. 347, and same was held by the United States Supreme Court to constitute no stumbling block to federal jurisdiction. And in fact there is no contingency presented on the face of this record, inasmuch as it is affirmatively alleged in the petition that in the event the plaintiff should prevail in this cause that the defendant by operation of law will be required to set up, keep, and maintain a reserve in excess of $3,000. Thus, apart from any contingency and apart from any collateral effect of the judgment, there is here involved, according to the untraversed, sworn averment of the petition, the jurisdictional amount. See Mutual Life Insurance Co. v. Thompson, supra and Jensen v. New York Life Insurance Co., supra.

It is therefore ordered that the motion to remand be, and same is hereby, denied.