**HUEY v. PRUDENTIAL INS. CO. OF AMERICA.**

No. 4848.

District Court, N. D. Alabama, S. D.

June 25, 1938.

Huey & Welch, of Bessemer, Ala., for plaintiff.

Harsh, Harsh & Hare, of Birmingham, Ala., for defendant.

MURPHREE, District Judge.

This is a suit on one count claiming $1,500 under two insurance policies for the principal sum of $2,500 each, for accrued disability benefits and for the premiums paid by the plaintiff thereunder after the date that the plaintiff alleges disability began. Each policy contains the following provisions:

"Recovery from Disability,—The insured, upon demand by the Company at any time during such disability and before the Company's liability hereunder has ceased, shall furnish due proof that he (or she) actually continues in a state of disability, as defined above, and in case of failure so to do, the insured shall be deemed to have recovered from such state of disability.

"In the event that the Insured recovers from such state of disability no further premiums shall be waived and no further monthly payments shall be made, and any insurance under the policy at the time of such recovery shall be continued in force

subject to the payment by the insured of any premiums the due date of which, as specified on the first page hereof, shall occur thereafter."

The Circuit Court of Jefferson County, Bessemer Division, removed the case to this court on the defendant's petition. Said petition set out diversity of citizenship, and alleged that the amount in controversy exceeds $3,000, exclusive of interest and costs, and that by law the defendant would be required to set aside a reserve in excess of $3,000 in the event of a judgment for plaintiff. The plaintiff here moves to remand the cause to said state court.

We are aware that in similar cases several courts have held that the jurisdictional amount was present in a suit of this kind, and that the cause should not be remanded. Enzor v. Jefferson Standard Life Ins. Co., 14 F.Supp. 677, D.C.S.C.; Ross v. Travelers Insurance Co., 18 F.Supp. 819, D.C.S.C.; Struble v. Connecticut Mutual Life Ins. Co. of Hartford, 20 F.Supp. 779, D.C.Fla.

These cases are based upon the following principle, as quoted from Hilton v. Dickinson, 108 U.S. 165, 174, 2 S.Ct. 424, 27 L.Ed. 688: "It is undoubtedly true that until it is in some way shown by the record that the sum demanded is not the matter in dispute that sum will govern in all questions of jurisdiction, but it is equally true that when it is shown that the sum demanded is not the real matter in dispute, the sum shown and not the sum demanded, will prevail."

However, practically all of the cases involving insurance policies, relied upon by the Enzor, Ross and Struble Cases, are not suits at law for accrued installments. Mutual Life Ins. Co. v. Thompson, 1928, 27 F.2d 753, D.C.Va., New York Life Ins. Co. v. Jensen, 38 F.2d 524, D.C.Neb., and Penn Mutual Life Ins. Co. v. Joseph, 5 F.Supp. 1003, D.C.Minn., are suits to cancel the entire policy. Aetna Life Ins. Co. v. Haworth, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617, 108 A.L.R. 1000, is a suit for a declaratory judgment to determine liability for disability benefits and waiver of premiums. Thorkelson v. Aetna Life Ins. Co., 9 F.Supp. 570, D.C.Minn., is a suit to have a policy reinstated and declared in force.

■ It may be seen that these suits to cancel policies and to determine their validity were equitable in their nature and call for more than a money judgment alone. Clearly in those cases the entire face values of the policies were directly in issue. In the present case all that is directly in issue is the amount sued for, that is, $1,500. Adjudication of facts that might control payment of further sums or the requirement of a reserve in excess of $3,000 are matters collateral to the present suit. This conclusion was reached in Small v. New York Life Ins. Co., 18 F.Supp. 820, D.C.Ala.

■ We do not believe that a judgment for several accrued installments would adjudicate litigation as to future installments on the question of the continuance of the plaintiff's disability; and even if the judgment in the present case were res adjudicata as to future installments, the amount in controversy would not be increased beyond the sum for which the judgment is here asked. La Vecchia v. Connecticut Mutual Life Ins. Co. of Hartford, 1 F.Supp. 588, D.C.N.Y.; See Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249.

■ Wright v. Mutual Life Ins. Co. of New York, 5 Cir., 1927, 19 F.2d 117, therefore, seems to set down the rule applicable in the present case, since the amount of reserve required of the defendant appears to us to be a collateral matter. The court in that case stated the rule as follows:

" 'The matter in controversy' was the amount for which [plaintiff] could recover judgment. That amount which could not exceed $420 was much less than is required to confer jurisdiction on a federal District Court. It is true that in this action the question was involved whether appellee [defendant] was liable for double indemnity on past-due installments, and that a decision upon that question would work an estoppel as to liability for future installments in an aggregate amount which would exceed the jurisdictional amount of $3,000. Cromwell v. County of Sac, 94 U.S. 351, 24 L.Ed. 195.

"But the collateral effect of a judgment is not the test of jurisdiction. It was so held in the leading case of Elgin v. Marshall, 106 U.S. 578, 1 S.Ct. 484, 27 L.Ed. 249. That was a suit upon coupons of a value less than was required to confer jurisdiction, but it involved the validity of the bonds from which the coupons had been detached, and the value of the bonds was sufficient to give jurisdiction. It was dismissed for want of jurisdiction."

It is our conclusion that the jurisdictional amount is not present in this cause, and the cause will therefore be remanded to the Circuit Court of Jefferson County, Bessemer Division. An order to that effect will be entered.