## NEW YORK CREDIT MEN'S ASS'N v. BROWN.

### No. 199.

Circuit Court of Appeals, Second Circuit.
Feb. 24, 1941.

Feiring & Bernstein, of New York City (Irving J. Seaver and Michael Feiring, both of New York City, of counsel), for appellant.

Louis Brown pro se.

Before L. HAND, AUGUSTUS N. HAND and CLARK, Circuit Judges.

PER CURIAM.

The trustee in bankruptcy filed a petition, praying that the referee re-examine under § 60, sub. d, Bankr.Act, 11 U.S.C.A. § 96, sub. d, a payment of $600 made by the bankrupt to its attorney about a month before petition filed, on the ground that it was made "in contemplation of the filing of a petition by or against him." The respondent by answer denied the allegations of the petition and the referee heard the evidence which showed that about one month before petition filed the bankrupt had paid $600 to the respondent, its attorney. Of this the respondent swore without contradiction that $250 had been paid for past services and $350 for future; and the referee accepted this division as true, and found that the $350 had not been paid in contemplation of the filing of a petition in bankruptcy. The trustee thereupon petitioned the district court to review this order without suggesting that he meant to challenge the referee's acceptance of the division between past and future services; and the district judge affirmed the order generally. Thus it does not appear that the appeal to the district court involved anything more than whether what had been found to have been received for services to be rendered, was paid in contemplation of bankruptcy. Certainly that is all that has been argued before us.

Our jurisdiction depends upon how much the order of the district court "involved"; if that was less than $500, it was necessary to obtain leave to appeal under the second proviso of § 24, sub. a, 11 U.S.C.A. § 47, sub. a, and as no leave was granted we have no jurisdiction, a question we must decide, although the appellee has not raised it. If in that inquiry we are confined to the petition, answer and order of the referee, no leave was necessary; if on the other hand we are free to examine the evidence and the referee's finding, the order of the district court "involved" less than $500 as has just appeared. We have been unable to find any decision upon the question under § 24, sub. a—or under § 25, sub. a(3), 11 U.S.C.A. § 47, sub. a or § 48, sub. a(3), before 1938—but during the period when the jurisdiction of the Supreme Court depended upon the amount in dispute it became well settled that the court would look to the record at large. Gray v. Blanchard, 97 U.S. 564, 24 L.Ed. 1108; Tinstman v. First National Bank, 100 U.S. 6, 25 L.Ed. 530; New Orleans Nat. Banking Association v. New Orleans Mut. Insurance Association, 102 U.S. 121, 26 L.Ed. 45; Hilton v. Dickinson, 108 U.S. 165, 174, 2 S.Ct. 424, 27 L.Ed. 688; Jenness v. Citizens' National Bank of Rome, 110 U.S. 52, 53, 3 S.Ct. 425, 28 L.Ed. 67. We think that that doctrine should be applied to § 24, sub. a and that in order to determine our jurisdiction we must examine the whole record.

Appeal dismissed.